UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUSS IVY** | **CIVIL ACTION** |
| **VERSUS** | **NO:  20-1475** |
| **JADE TRAN** | **SECTION: "B" (4)** |

## ORDER

Before the Court is Plaintiff Russ Ivy's **Motion to Compel Discovery Responses (R. Doc. 20)** seeking an order compelling Defendants to provide overdue discovery responses. This motion is opposed. R. Doc. 21. Plaintiff filed a reply. R. Doc. 26. This motion was set for submission on January 13, 2021 and was heard on the briefs.

### I.     Background

On May 19, 2020, Plaintiff filed the instant action arising from allegations that Defendants Jade Tran and XL REI, LLC unlawfully resorted to self-help eviction to remove Plaintiff from his rental property based on this Court's diversity jurisdiction.[1] R. Doc. 1. On July 10, 2020, Defendants filed a Motion to Dismiss Under Rule 12(B)(1) of the Federal Rules of Civil Procedure arguing Plaintiff's claims are unlikely to reach the $75,000 amount in controversy threshold. R. Doc. 9.

On September 10, 2020, while the motion to dismiss was still pending, counsel for Plaintiff propounded his first set of Requests for Admissions, Requests for Production, and Interrogatories on Defendants Jade Tran and XL REI, LLC. R. Doc. 20-1, p. 1. To date, Defendants have failed to respond. *Id.*

---

[1] Defendant XL REI, LLC ("REI") is a limited liability company authorized to do business in Louisiana but incorporated and principally based in Austin, Texas. R. Doc. 1. Defendant Jade Tran ("Tran") is a resident of Austin, Texas. *Id.*

In response, on October 9, 2020, Defendants filed a Motion to Stay/Abate Discovery and for Protective Order based on the Court's questionable subject-matter jurisdiction. *See* R. Doc. 18.

On December 29, 2020, Plaintiff filed the instant Motion to Compel seeking the Defendants provide discovery responses. R. Doc. 20.

Defendants opposed the motion as the Motion to Dismiss (R. Doc. 9) and Motion to Stay/Abate Discovery (R. Doc. 18) remained pending.

On January 26, 2021, the District Judge entered an Order and Reasons denying both Defendants' Motion to Dismiss and Motion to Stay. R. Doc. 24.

## II.     Standard of Review

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure ("Rule") 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition, Rule 36 provides "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)." Fed. R. Civ. P. 36(a). Rule 36 further provides if a matter is not admitted that the answer must specifically deny it or provide an objection. Fed. R. Civ. P. 36(a)(4). A matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection. Fed. R. Civ. P. 36(a)(3).

### III. Analysis

#### A. *Interrogatories and Requests for Production*

First, Plaintiff argues that the discovery responses are due notwithstanding any pending motion to dismiss and pending motion to stay discovery that has not yet been ruled on. R. Doc. 20-1, p. 2. Defendant reiterated its position that discovery on the merits and not the jurisdiction of the case is unnecessary while these motion remains pending and no scheduling order is in effect. R. Doc. 21, p. 2.

Here, Defendants mistakenly believed that while a motion to dismiss remained pending that Plaintiff could not propounded discovery requests. While the Fifth Circuit has sanctified the use of stays pending a motion to dismiss for lack of subject matter jurisdiction, the power to stay is discretionary and not mandatory. *See Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010). In fact, in many instances, the Court denies requests to stay discovery despite a pending dispositive motion. *See U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008).

In this case, the Court *never* stayed discovery. While Defendants filed a motion to stay discovery, which remained pending at the time this motion was filed, that motion to stay as well as their motion to dismiss were ultimately denied. R. Doc. 24. The discovery in this case has been

3

pending now for nearly five (5) months, and Defendants have provided the Court no viable reason why the discovery answers should not be forthcoming. As such, the Court will grant Plaintiff's motion to compel interrogatories and requests for production.

### B. *Request for Admission*

Next, the Plaintiff states that the request for admissions are deemed admitted, and no further action from the Court is necessary as Rule 36 is self-executing. R. Doc. 20-1, p. 2.

Defendants argues that Plaintiff ignores their motion to stay and cites cases that they contend support the position that deemed admissions should be set aside by the Court to promote the presentation on the merits. R. Doc. 21, pp. 4-55.

Any requests for admissions not answered or objected to within the thirty (30) days allotted are deemed admitted as a matter of law. *See Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008). The Court stresses that the Fifth Circuit has held that "[a] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citing *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991) (holding district court may not sua sponte allow for the withdraw or amendment of admissions). In addition, the Fifth Circuit has held "[i]n order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case." *Id.* The district court has discretion to deny a request for leave to withdraw or amend. *Id.*

Here, the proper vehicle for Defendants to utilize to challenge the deemed admissions it a motion to withdraw or amend. In this situation, Court interprets Defendants' position, as laid out in their opposition to the motion to compel, as suggesting to the Court what it should do as opposed

to actually requesting or moving the Court to do such. The Fifth Circuit is clear on the fact that the Court may not *sua sponte* permit Defendants to withdraw or amend their admission without a motion which would provide meaningful opportunity for Plaintiff to respond. As such, to the extent that the 30-day deadline has passed and Defendants did not seek an extension to answer or object to the request for admissions, their only recourse is to move to withdraw or amend their admissions under Rule 36(b). *See Temple v. State Farm Fire & Cas. Co.*, No. CV 09-6578, 2010 WL 11545198, at *2 (Roby, M.J.) (E.D. La. June 8, 2010). Therefore, the requests for admissions have been admitted by operation of law.

### C.  Attorneys Fees

Finally, the Plaintiff seeks an award of attorneys' fees for filing this motion. Rule 37 provides that a party who prevails on a Rule 37 motion is entitled to an award of attorney's fee. Fed.R.Civ.P. 37(a)(5)(A). Rule 37 requires the Court <u>*must*</u> awards attorneys' fees and cost when the motion is granted in whole unless the opposing party's conduct was "substantially justified." *Id.* (emphasis added).

Here, the Court finds no substantial justification for failing to respond to the discovery requests. A simple case law search would reveal that a stay of discovery is not automatic just because the Court's jurisdiction is challenged, and until such time it is actually stayed via order of the Court the Defendants' had a duty under the Federal Rules of Civil Procedure to timely respond. Further, given that the risks of failing to act or respond to the requests for admissions can be so grave, only relying on a pending request to stay is not a good faith basis to deny an award of attorney fees. As such, the Court finds an award of attorneys' fees is warranted in this situation.

### IV.  **Conclusion**

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Compel Discovery Responses (R. Doc. 20)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants Jade Tran and XL REI, LLC shall provide full and complete responses to Plaintiff's written discovery **no later than fourteen (14) days** from the signing of this order.

**IT IS FURTHER ORDERED** that Plaintiff Russ Ivy shall file a motion to fix attorney's fees into the record by **February 17, 2021**, along with: (1) an affidavit attesting to their attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged on similar cases by other local attorneys with similar experience, skill, and reputation; and (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **March 2, 2021**. The motion shall be set for submission on **March 10, 2021**, to be heard without oral argument.

New Orleans, Louisiana, this 4th day of February 2021.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**