IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUSS IVY,** § | |
| Plaintiff, § | |
| v. § | Case No. 2:20-cv-01475-ILRL-KWR |
| **JADE TRAN; XL REI, LLC; DOES 1-10** § | |
| Defendants. § | |

### DEFENDANTS' OBJECTIONS TO MAGISTRATE'S ORDER

**TO THE HONORABLE U.S. DISTRICT COURT**:

**COMES NOW**, Jade Tran and XL REI, LLC, and submit their Objections to the Magistrate's Order on Plaintiff's Motion to Compel (Doc. 27) and in support of same would show as follows:

### I.   Background

1. Plaintiff filed this action against Defendant on May 19, 2020 against Defendants alleging myriad causes of action related to asserted unlawful self-help actions to evict Plaintiff from Defendants' property after Plaintiff breached the lease by failing to pay rent (Doc.1).

2. Plaintiff relied on diversity jurisdiction in his complaint to establish federal court jurisdiction. On July 10, 2020, Defendants filed a Motion to Dismiss asserting that the Complaint failed to state claims meeting the jurisdictional amount in controversy of $75,000.00 (Doc. 9). On January 26, 2021, the district court entered an order denying the Motion to Dismiss but ordering Plaintiff to replead the complaint to eliminate duplicative causes of action (Doc. 24).[1]

---

[1] Plaintiff recently filed his amended complaint on February 10, 2021 (Doc. 28). The amended complaint expanded the factual basis for Plaintiff's fraud claim, and restated all of the same causes of action but only seeks a single damage recovery for the various plead causes of action.

3.      On September 10, 2020, Plaintiff served merits-based discovery on Defendants consisting of request for admissions, requests for production, and interrogatories to both Defendant Jade Tran and her company, XL REI, LLC.  Plaintiff later served a 2d set of interrogatories to Defendants on December 30, 2020, while Defendants' Motion to Dismiss remained pending for decision.  Again, these interrogatories were merits-based, not limited to the jurisdictional amount in controversy.

4.      Defendants filed their timely Motion to Stay and Abate Discovery and for a Protective Order (Doc. 18) based on the pendency of Defendants' Motion to Dismiss and the fact that Plaintiff's discovery was not limited to the jurisdictional issues raised in such Motion.

5.      On December 29, 2020, Plaintiff filed his Motion to Compel Discovery Responses (Doc. 20) and accompanying Memorandum of Law (Doc. 21) with Notice of Submission set for January 13, 2021, the same day that Plaintiff was scheduled to be deposed.by agreement of counsel due to health issues.[2]

6.      Plaintiff also served a 2d set of interrogatories on Defendants on December 30, 2020, which like the initial discovery requests that are the subject of Plaintiff's Motion to Compel, are not limited to discovery of issues pertaining to this Court's jurisdiction over this matter, as raised in Defendants' Motion to Dismiss (Doc. 9) and Motion to Stay Discovery and for Protective Order (Docs. 18-19), timely filed before responses to Plaintiff's initial discovery requests were due.

7.      On January 26, 2021, this Court entered an Order denying Defendant's Motion to Dismiss (Doc. 24), holding, "albeitly minimally, plaintiff's complaint has alleged an adequate amount in controversy to invoke federal jurisdiction (id. at pp. 9-10). However, the court ordered that Plaintiff

---

[2] Defense counsel cooperated with Plaintiff's counsel in scheduling Ivy's deposition, but was unable to attend this deposition due to a last-minute scheduling matter arising from counsel's retention in another pending matter requiring immediate action.

replead his complaint to eliminate duplicative causes of action arising from the same conduct or series of events (id., p. 10).

8.  On February 4, 2021, this Court entered an Order (Doc. 27) granting Plaintiff's Motion to Compel Discovery Responses (Doc. 20), as well as ordering discovery to take place no later than fourteen days from the signing of the Order i.e., by February 18, 2021. [3]

9. This Objection is filed within the time permitted and prior to the deadline to respond set by the Magistrate Judge's Order.

## II.
## Objections to Magistrate's Order

10.  Defendant Jade Tran, et al. ("Tran") strongly objects to the Court's Order on the Motion to Compel. When the Magistrate Judge entered the order "it is not a final order and it does not fall into any other categories that would make it appealable." *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 868 (5th Cir 2000). Pursuant to Federal Rules of Civil Procedure 72(a), "a party may serve and file objections to a magistrate's judge's order regarding nondispostive pretrial matters if the objection is filed within 10 days after service of the order." *Pick v. American Medical System, Inc.* 1997 WL 162061 (1997). If a timely objection is made, the "Court should consider timely objections and modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. Proc. 72(a). Even though the "magistrate's judge's ruling on a non-dispositive matter is effective immediately, [it is] immediately appealable to the district court." *Gregg v. Linder,* 2004 WL 421966 (E.D. LA 2004) (see also *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962,964 (1st Cir. 1997) (citing 28 U.S.C. 636(b)(1)(A)).

---

[3] Based on the district court's order on the Motion to Dismiss, counsel conferred and reached agreement that Defendants responses to all outstanding discovery would be due 14 days after Plaintiff refiled his complaint as directed by the court's order.

11.     Additionally, Pursuant to Fed. R. Civ. P 26(c), "[u]pon motion by a party of by the person from who discovery is sought, and for good cause shown," a district court is authorized to "make any order which just requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Dresser v. MEBA Medical & Benefits Plan*, 2008 WL 2705584 (E.D. La. 2008).  Here, the Order entered by the Magistrate Judge on February 4, 2021, would cause undue burden and expense for Defendant by requiring Defendants to respond to discovery before Plaintiff replead his complaint in accordance with the district court's order on the motion to dismiss[4].

12.     Since the granting of the Order on Plaintiff's Motion to Compel, Plaintiff has subsequently amended their complaint (Doc. 28), and the discovery deadline should be extended until at least February 24, 2021, or later.  While the Magistrate's Order implies that Defendants unreasonably delayed discovery for five months, such discovery was merits-based, not limited to jurisdictional issues, and there was no scheduling order in place setting any deadlines for discovery.  The Court's order requires Defendants to now answer two sets of discovery in a much stricter timeframe than normal discovery, which would normally allow-30 days.

13.     Additionally, in the Order (Doc. 27), the Magistrate Judge deemed that all Plaintiff's Request for Admission be admitted, notwithstanding Defendants' motion to abate discovery and for a protective order[5].  According to *Vardaman v. Baker Center, Inc.* 711 So. 2d at 733 ([court and year]), "a party against who a fact has been deemed admitted has the opportunity to seek to have the fact withdraw or amended."  Further, Plaintiff's Request for Admissions contain

---

[4] Plaintiff replead his complaint on February 10, 2021 (Doc. 28) after the Magistrate Judge entered her order.
[5] The Magistrate Judge's Order (at p. 4) states that instead of Defendants' motion to abate/stay discovery and for protective order, the proper vehicle was a motion to withdraw or amend the deemed admissions.  This ignores the fact that Defendants filed their motion *before* any response to the admissions was due so that the admissions would not be deemed.  The Order is simply incorrect (on p. 5) that Defendants did not seek an extension to answer-that was precisely the relief their motion to abate/stay all discovery pending ruling on the motion to dismiss sought.

contradictory requests. For example, "You purchased 56341 Dock Marinoff Road in Bogalusa, Louisiana," and "You did not purchase 5641 Dock Marinoff Road in Bogalusa, Louisiana." Here, by deeming all admissions, this disproportionately impacts Defendants by allowing Plaintiff to pick and choose which admissions to use and to ignore the contradictory ones to meet their burden of proof on the elements of their plead causes of action. This unfairly prejudices the Defendant who should be allowed the opportunity to answer these requests without the Court automatically deeming them admitted.

14. Moreover, in the Court's order denying the Motion to Dismiss (Doc. 24) Defendants should have been given at least the allotted time as required by the law to respond to the outstanding discovery. That date would be February 24, 2021, not the February 18, 2021 established under the Magistrate Judge's Order.

15. Lastly, in the Magistrate Judge's Order (Doc. 27), the Court set a schedule to award attorney's fees to Plaintiff due to Defendants failure to answer discovery. In *Shaw v. Champlain Petroleum Co.*, So. 2d 1054 (La.Ct.App. 1987), "[w]hen a failure to make discovery occurs, it is incumbent on the disobedient party to show that [their] failure was justified or that special circumstances would make an award of expenses unjust." *Allen v. Smith*, 390 So. 2d 1300 (La. 1980). Additionally, "federal courts possess inherent power to assess attorney's fees and litigation costs when the losing party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *F.D. Rich Co. v. United States ex rel. Industrial Lumber,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974). Further, "[a] party should not be penalized for maintaining an aggressive litigation posture. "But advocacy simply for the sake of burdening an opponent with unnecessary expenditures of time and effort clearly warrants recompense for the extra outlays attributable thereto." *Lipsig v. National Student Marketing Corp.,* 663 F.2d 178, 181

(D.C.Cir.1980). Here, Defendants filed their Motion to Dismiss and timely filed their Motion to Stay Discovery until the Court ruled on the pending motion. The parties had no control over when a ruling on the motions would issue. There was no bad faith on Defendants' part: simply put, Defendants position is that the discovery was merits-based and not limited to jurisdictional issues; moreover, no scheduling order was in place for discovery. Defendant should not be penalized in retrospect because the motion to dismiss was ultimately denied on the basis that Plaintiff's complaint, albeit minimally, stated an amount within the jurisdictional limits. Plaintiff should not be awarded attorney's fees because, as the law states, the failure to produce discovery hinged on Defendant's reasonable request for the Court to rule on Defendant's pending motion to dismiss, which would have rendered such discovery irrelevant had the case been dismissed, which would qualify as special circumstances. Therefore, Defendant's respectfully object to the Court's Order (Doc. 27) allowing Plaintiff to recover attorney's fees.

## Conclusion

For all of the foregoing reasons, Defendants respectfully object to the Magistrate Judge's order, and request that the Order on the Motion to Compel be set aside in all respects, and that Defendants be allowed to fully answer all discovery in accordance with the FRCP, and not be unfairly prejudiced by contradictory deemed admissions on Plaintiff's plead claims for relief.

Respectfully Submitted,



By:_____
Steven E. Clark
La. Bar No. 04157
sclark@dfwlaborlaw.com

CLARK FIRM PLLC
5445 La Sierra Dr. Suite 415
Dallas, Texas 75231

Attorneys for Defendants
Jade Tran and XL REI, LLC

## CERTIFICATE OF SERVICE

On February 12, 2021, I electronically submitted the foregoing document to the Clerk of the Court for the U.S. District Court for the Eastern District of Louisiana, using the court's CM/ECF system. I hereby certify that I have served Plaintiff's counsel of record, Hope Phelps, electronically or by another manner as authorized by FRCP 5(b)(2) and LR 5.4, E.D.La.



_____
Steven E. Clark