```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**RUSS IVY**                                                      **CIVIL ACTION**

**VERSUS**                                                        **NO. 20-1475**

**JADE TRAN, ET AL.**                                             **SECTION: "B"(4)**

### ORDER & REASONS

Before the Court are the Magistrate Judge's Order granting plaintiff Russ Ivy's Motion to Compel overdue discovery responses (Rec Doc. 27) and defendants Jade Tran and XL REI, LLC Objections to the Order. Rec. Doc. 29. Plaintiff filed a reply memorandum in support of the Magistrate's Order. Rec. Doc. 35. For the reasons discussed below,

**IT IS ORDERED** that defendants' Objections are **OVERRULED** and the Magistrate Judge's Order is **AFFIRMED**.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 19, 2020, plaintiff Russ Ivy filed a lawsuit against defendants Jade Tran and XL REI, LLC alleging that defendants resorted to self-help eviction methods to remove plaintiff from defendant's rental property. Rec. Doc. 1. Plaintiff relied on this Court's diversity jurisdiction because Jade Tran is a resident of Austin, TX and XL REI, LLC is incorporated and has its principal place of business in Austin, TX. *Id.* On July 10, 2020, defendants filed a Motion to Dismiss Under Rule 12(B)(1) of the Federal Rules of Civil Procedure arguing that plaintiff's claims will not likely exceed the jurisdiction minimum of $75,000. Rec. Doc. 9. Before

this Court denied the defendants' Motion to Dismiss, plaintiff filed discovery requests on September 10, 2020. Rec. Doc. 20-1 at 1. Defendants failed to respond to the discovery requests. Rec. Doc. 27 at 1.

On October 9, 2020, defendants filed a Motion to Stay Discovery. Rec. Doc. 18. On December 29, 2020, plaintiff filed a Motion to Compel seeking defendants provide answers to plaintiff's discovery requests. Rec. Doc. 20. On January 26, 2021, this Court denied defendants' Motion to Dismiss and Motion to Stay Discovery. Rec. Doc. 24. On February 4, 2021, Chief Magistrate Judge Karen Wells Roby considered the matter and granted plaintiff's Motion to Compel. Rec. Doc. 27 at 6. Specifically, she ordered: (1) that defendants must respond to the discovery requests no later than fourteen days from the signing of the Order and (2) that an award of attorneys' fees is warranted for plaintiff. *Id.*

On February 12, 2021, defendants timely objected to this order and argued that the Magistrate Judge's Order places an undue burden on them. Rec. Doc. 29. Defendants argue: (1) that this Court should extend the discovery deadline until February 24, 2021, or later, (2) that deeming all of the admissions as admitted unfairly prejudices defendants, and (3) that this Court should not award plaintiff attorneys' fees because defendants had a special circumstance for not responding to the discovery request. *Id.* at 4-6

On February 26, 2021, plaintiff filed a reply memorandum in support of the Magistrate's Order. Rec. Doc. 35. Plaintiff argues that defendants provided no caselaw to support their contention that they did not need to respond to discovery requests while their motion to dismiss was pending.

## II. LAW AND ANALYSIS

Discovery is governed by several rules in the Federal Rules of Civil Procedure. Rule 26 states that "unless otherwise limited by court order, the scope of discovery is as follows: parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. Civ. P. 26(b)(1). Rule 33 allows for a party to request interrogatories whereas Rule 34 allows for a party to request documents or other information. *Id.* Rule 37 states that "[a] party may move for an order compelling an answer, designation, production, or inspection" if "(iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted – or fails to permit – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An answer that is "evasive or incomplete" is treated as a failure to answer or produce. Fed. R. Civ. P. 37(a)(4). Here, plaintiff requested discovery on September 10, 2020 and defendants failed to respond. Rec. Doc. 20-1 at 1; Rec. Doc. 27 at 1. Defendants failure to respond to the discovery request caused plaintiff to file a Motion to Compel, which was later granted by

the Court. Rec. Doc. 20-1; Rec. Doc. 27. Defendants raised several objections to the Magistrate's Order (Rec. Doc. 29) and each objection is discussed below.

### a. Defendants are Unable to Seek a Protective Order from Request for Production

Parties have a responsibility to timely respond to discovery requests unless limited by a court order, Fed. R. Civ. P. 26(b). In this case, defendants failed to timely respond to plaintiff's requests. *See* Rec. Doc. 27 at 1. Defendants rely on Fed. R. Civ. P. 26(c), which states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "Rule 26(c)'s good cause requirement indicates that the party seeking a protective order has the burden to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Hardnett v. Louisiana Health Serv. & Indem. Co.*, 2021 WL 278299, at *2 (M.D. La. Jan. 27, 2021) (citing *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)(internal quotations omitted)). Additionally, "[d]istrict courts have broad discretion in determining whether to grant a motion for a protective order." *In re LeBlanc*, 559 F. App'x 389, 392–93 (5th Cir. 2014)(citing *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir.1985)).

Defendants believe that the Order causes an undue burden and expense on them because they have to answer to the discovery requests before plaintiff replead his complaint. Rec. Doc. 29 at 4. The Order was granted on February 4, 2021 and plaintiff filed his amended complaint on February 10, 2021. Rec. Doc. 27; Rec. Doc. 28. The Order stated that defendants were required to answer the discovery responses by February 18, 2021, which is eight days after plaintiff filed his amended complaint. Rec. Doc. 29 at 4-5. Defendants neglected to give "particular and specific" facts which demonstrate a finding of good cause for why this Court should issue a protective order. *See id.* Defendants solely relied on one conclusory statement to establish good cause. *See id.* Without stating particular facts on how the Order placed an undue burden, the Court will not issue a protective order. *See Hardnett*, 2021 WL 278299, at *2.

### b. Defendants' Request for an Extension for Interrogatories and Requests for Production is Denied

Defendants object to the Order because it requires them to answer "two sets of discovery in a much stricter timeframe than normal discovery." Rec. Doc. 29 at 4. Defendants argue that because plaintiff has amended his complaint the discovery deadline should be extended "until at least February 24, 2021, or later." *Id.* Defendants argue that this would allow them to answer the discovery request under the allotted time as required by law. *Id.* at 5.

Defendants argue that they had reasons to delay discovery because the discovery was "merits-based" and it "was not limited to jurisdictional issues." *Id.* Additionally, "there was no scheduling order in place setting any deadlines for discovery." *Id.*

Rule 33 states that a responding party has thirty days from the time it is served with the interrogatories to answer and object. Fed. R. Civ. P. 33(b)(2). Additionally, Rule 34 states that the party must respond within thirty days after being served with a discovery request. Fed. R. Civ. P. 34(b)(2)(A). Plaintiff filed discovery requests on September 10, 2020. Rec. Doc. 20-1 at 1. Defendants failed to answer these requests for six months. Defendants had sufficient time to answer plaintiff's requests.

Additionally, a motion to stay discovery is discretionary and was not granted in this case. Rec. Doc. 27 at 3. Defendants failed to provide another reason for why they failed to respond to discovery. Rec. Doc. 29. The Fifth Circuit stated that "[t]he control of discovery is committed to the sound discretion of the trial court." Smith v. Potter, 400 Fed. Appx. 806, 813 (5th Cir. 2010). Here, the Court is ordering defendants to comply with plaintiff's discovery requests.

### c. Admissions are Deemed Admitted by Law

Defendants argue that they have the right to withdraw or amend the requests for admissions. *Id.* at 4. Defendants rely on Louisiana caselaw, which gives a party against who a fact has been deemed

admitted the opportunity to seek to have the fact withdrawn or amended. *Id.* (citing *Vardamand v. Baker Center, Inc.*, 96-2611, p. 9 (La. App. 1st Cir. 3/13/98), 711 So. 2d 727, 733. Louisiana procedural laws are not applicable in this federal case. Instead, the Federal Rules on Civil Procedure apply. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 92 (1938)(holding that federal law governs issues of procedure).

Rule 36 states that "a party may serve on any other party a written request to admit." Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3); *See Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008). The Fifth Circuit has held that "[a] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001)(citing *Am. Auto. Ass'n Inc. v. AAA Legal Clinic of Jefferson Crooke*, P.C., 930 F.ed 1117, 1120 (5th Cir. 1991)). Rule 36(b) states:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e) the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. Fed. R. Civ. P. 36(b).

Thus, this Court can permit defendants to withdraw or amend the admissions if (1) it would serve the presentation of the case on its merits, and (2) not prejudice plaintiff who obtained the admissions.

Plaintiff filed the request for admissions and defendants failed to respond or object. Rec. Doc. 20-1 at 7. Defendants failure to respond caused the admissions to be admitted by operation of law. *See* Fed. R. Civ. P. 36(a)(3). Defendants failed to file a motion to amend or withdraw the admissions. Therefore, the Court will not withdraw or amend their admissions without a motion showing good cause for such relief. *See Am. Auto. Ass'n Inc.*, 930 F.ed at 1120 (5th Cir. 1991)(holding that a district court cannot allow a withdrawal or amendment to admissions without a motion by the party).

Defendants also argue that the requests for admissions contained contradictory requests. Rec. Doc. 29 at 4-5. Thus, defendants believe that they should have the opportunity to answer these admissions before they are admitted by the Court. *Id.* at 5. Rule 36(a)(3) clearly states that requests for admissions not answered or objected to within thirty days are deemed admitted. Fed. R. Civ. P. 36(a)(3). Defendants did not answer or object to the requests for admissions and therefore, the admissions are deemed admitted.

### d. Plaintiff is Entitled to Attorneys' Fees

Last, defendants argue that plaintiff is not entitled to attorneys' fees. Rec. Doc. 29 at 6. Defendants argue that they were in good faith in not answering the discovery requests. *Id.* at 5-6. Defendants contend that they were waiting to respond until the Court ruled on its motion to dismiss. *Id.* at 6. Defendants argue that it was irrelevant for them to answer while the motion was pending because if the motion was granted then discovery would have been irrelevant. *Id.*

Rule 37 requires the court to award attorney's fees when a motion is granted unless "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A). Here, defendants were not substantially justified in failing to respond to the discovery requests. Rec. Doc. 27 at 5. The Order states that defendants had a duty to comply with "the Federal Rules of Civil Procedure to timely respond." *Id.* Defendants state that they failed to respond because of their pending motion to dismiss. Rec. Doc. 29 at 6. Defendants fail to cite any authority that supports this argument. *See* Rec. Doc. 29 at 5-6. Defendants fail to provide any other reason for why they were substantially justified in not responding to plaintiff's discovery requests. *Id.* Therefore, an award of attorney's fees is warranted.

In summary, plaintiff's Motion to Compel discovery was warranted and the Magistrate Judge's ruling granting same is legally sound and reasonable.

New Orleans, Louisiana this 9th day of April, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE