UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RUSS IVY**                                          CIVIL ACTION

**VERSUS**                                            NO:   20-1475

**JADE TRAN, ET AL.**                                 SECTION: "B" (4)

## ORDER

Before the Court is Plaintiff Russ Ivy's **Motion for Attorneys' Fees (R. Doc. 30)** seeking an order fixing attorney's fees in the amount of $1,500.50 in connection with his motion to compel previously granted by this Court. Defendants do not contest the amount of the fees, but contests whether an award of attorney's fees is even justified. R. Doc. 33. This motion was set for submission on March 10, 2021 and was heard on the briefs.

**I.   Background**

On May 19, 2020, Plaintiff filed the instant action arising from allegations that Defendants Jade Tran and XL REI, LLC unlawfully resorted to self-help eviction to remove Plaintiff from his rental property based on this Court's diversity jurisdiction.[1] R. Doc. 1. On July 10, 2020, Defendants filed a Motion to Dismiss Under Rule 12(B)(1) of the Federal Rules of Civil Procedure arguing Plaintiff's claims are unlikely to reach the $75,000 amount in controversy threshold. R. Doc. 9.

On September 10, 2020, while the motion to dismiss was still pending, counsel for Plaintiff propounded his first set of Requests for Admissions, Requests for Production, and Interrogatories on Defendants Jade Tran and XL REI, LLC. R. Doc. 20-1, p. 1. Defendants failed to respond. *Id.*

---

[1] Defendant XL REI, LLC ("REI") is a limited liability company authorized to do business in Louisiana but incorporated and principally based in Austin, Texas. R. Doc. 1. Defendant Jade Tran ("Tran") is a resident of Austin, Texas. *Id.*

Instead, in response, on October 9, 2020, Defendants filed a Motion to Stay/Abate Discovery and for Protective Order based on the Court's questionable subject-matter jurisdiction. *See* R. Doc. 18.

On December 29, 2020, Plaintiff filed a Motion to Compel seeking the Defendants provide discovery responses. R. Doc. 20. Defendants opposed the motion as the Motion to Dismiss (R. Doc. 9) and Motion to Stay/Abate Discovery (R. Doc. 18) remained pending. R. Doc. 21.

On January 26, 2021, the District Judge entered an Order and Reasons denying both Defendants' Motion to Dismiss and Motion to Stay. R. Doc. 24. Thereafter, on February 4, 2021, the Court granted Plaintiff's motion to compel along with Plaintiff's request for attorney's fees. R. Doc. 27. The Court noted because Rule 37 requires the Court to award attorney's fees against the person whose conducted necessitated the motion unless substantial justification exists, that the request for attorney's fees was proper. *Id.*

On February 12, 2021, the Defendant filed an objection to the order on the motion to compel challenging, *inter alia*, the Court's award of attorney's fees. R. Doc. 29. On April 9, 2021, Defendant's objection was overruled. R. Doc. 43.

I.  **Standard of Review**

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lodestar is computed by ". . . the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation, ". . . provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve

2

factors delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[2] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar. *Id.* However, the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended" and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997)).

**II.     Reasonable Hourly Rate**

The "appropriate hourly rate . . . is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Finally, if the hourly rate is not opposed, then it is

---

[2] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

*prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

In this case, the Plaintiff seeks compensation for two attorneys. R. Doc. 30-1, p. 3. Plaintiff indicates that Attorney William Most's billing rate is $275.00 and Attorneys Hope Phelps's billing rate is $235.00.[3] *Id.* In support of their rates, counsel submitted an affidavit detailing their experience and background. R. Docs. 30-4, 30-5. The Court notes that the rates are not opposed and supported by sufficient evidence; therefore, those rates are deemed reasonable. *See Williams v. Res-Care, Inc.*, No. CV 17-10200, 2020 WL 4816141, at *3 (Roby, M.J.) (E.D. La. Aug. 19, 2020).

### III. Hours Reasonably Spent on Litigation

Next, the Court must determine what hours of time were reasonably expended on the litigation. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time-expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id.* at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id*. The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id*. The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours

---

[3] It appears to the Court that at one-point Plaintiff mistakenly stated Hope Phelps billing rate was $220.00, but all the supporting documentation, case law, and calculations use the $235.00 figure. As such, the Court adopts this $235.00 proposed billing rate.

awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir.2002) *overruled on other grounds, Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).

Plaintiff contends that attorney Most spent half an hour on the motion to compel. R. Doc. 30-1, p. 7. Plaintiff also contends that attorney Phelps spent 5.8 hours on the motion to compel. *Id.* The Court has reviewed the billing records. R. Docs. 30-4, 30-5. The Court notes it is difficult to tell whether there was an exercise of billing judgment where the contemporaneous billing records were not given to the Court for review, but rather only a table chart. Because the Plaintiff inserted the time entries into a table outside the billing records, it is unclear to the Court whether time was redacted, or billing judgment was exercised in its extracted form. The Court has performed a line-by-line review of the records and finds the entries were not block-billed. Moreover, the time spent is uncontested by Defendant.

Notwithstanding, 5.8 hours on a motion to compel is not reasonable. After a review of the motion itself the Court notes that it is a standard non-complex motion totaling six pages in length and with little case citations. The motion neither challenges the sufficiency of individual discovery requests but rather simply asks that the discovery requests be answered nor required any sort of extensive research. In addition, the reply filed in connection to the motion is a half-page in length to essentially say a single sentence—that the Defendants' opposition should be disregarded by the Court as the Defendants cited no authority, which coincidently neither does Plaintiff in his reply. The Court will, therefore, reduce the total hours spent on the motion by Phelps to 3.5 hours, which it finds is reasonable.

IV. *Lodestar* Calculation

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount for the attorney as:

| Attorney | Reasonable Hourly Rate | Reasonable Hours Expended | *Lodestar* Amount |
|---|---:|---:|---:|
| William Most | $275.00 | .5 | $137.50 |
| Hope Phelps | $235.00 | 3.5 | $822.50 |
|  |  | Total: | $960.00 |

The total *Lodestar* amount then is **$1,500.50**

V. **Adjusting the *Lodestar***

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds an adjustment of the lodestar is not warranted.

VI. **Conclusion**

Accordingly,

6

**IT IS ORDERED** that the Plaintiff's **Motion for Attorneys' Fees (R. Doc. 30)** is **GRANTED.** Plaintiff is awarded reasonable attorneys' fees and expenses in the amount of **$960.00**.

**IT IS FURTHER ORDERED** that Defendants Tran and XL REI LLC shall satisfy its obligation to Plaintiff no later than **twenty-one (21) days** from the issuance of this Order.

New Orleans, Louisiana, this 13<u>th</u> day of April 2021.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**