UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUSS IVY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-1475** |
| **JADE TRAN, ET AL.** | **SECTION: "B" (4)** |

## ORDER

Before the Court is Defendants Jade Tran ("Tran")'s and XL REI, Inc. ("XL REI")'s **Motion to Undeem Deemed Admissions (R. Doc. 39)** seeking an order withdrawing those admissions which have been deemed admitted as a matter of law and Federal Rules of Civil Procedure 36. This motion is opposed. R. Doc. 42. This motion was set for submission on April 14, 2021 and was heard on the briefs.

### I.   Background

On May 19, 2020, Plaintiff filed the instant action arising from allegations that Defendants Jade Tran and XL REI, LLC unlawfully resorted to self-help eviction to remove Plaintiff from his rental property on the basis this Court's diversity jurisdiction.[1] R. Doc. 1. On July 10, 2020, Defendants filed a Motion to Dismiss Under Rule 12(B)(1) of the Federal Rules of Civil Procedure arguing Plaintiff's claims are unlikely to reach the $75,000 amount in controversy threshold. R. Doc. 9.

On September 10, 2020, while the motion to dismiss was still pending, counsel for Plaintiff propounded his first set of Requests for Admissions, Requests for Production, and Interrogatories on Defendants Jade Tran and XL REI, LLC. R. Doc. 20-1, p. 1. Defendants failed to respond. *Id.*

---

[1] Defendant XL REI, LLC ("REI") is a limited liability company authorized to do business in Louisiana but incorporated and principally based in Austin, Texas. R. Doc. 1. Defendant Jade Tran ("Tran") is a resident of Austin, Texas. *Id.*

Case 2:20-cv-01475-ILRL-KWR   Document 46   Filed 04/20/21   Page 2 of 6

Instead, in response, on October 9, 2020, Defendants filed a Motion to Stay/Abate Discovery and for Protective Order based on the Court's questionable subject-matter jurisdiction. *See* R. Doc. 18.

On December 29, 2020, Plaintiff filed a Motion to Compel seeking the Defendants provide discovery responses. R. Doc. 20. Defendants opposed the motion as the Motion to Dismiss (R. Doc. 9) and Motion to Stay/Abate Discovery (R. Doc. 18) remained pending. R. Doc. 21.

On January 26, 2021, the District Judge entered an Order and Reasons denying both Defendants' Motion to Dismiss and Motion to Stay. R. Doc. 24. Thereafter, on February 4, 2021, the Court granted Plaintiff's motion to compel along with Plaintiff's request for attorney's fees. R. Doc. 27. The Court noted in that order that Rule 36 provides that requests for admissions not answered or objected to within the thirty (30) days allotted are deemed admitted as a matter of law. R. Doc. 27, p. 4. The Court also noted that the Fifth Circuit has held that "[a] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *Id.*

While the Defendants originally objected to those findings, on April 9, 2021, the District Court overruled those objections. R. Doc. 43. In that order, the District Court noted the proper procedural vehicle for having admissions withdrawn was by motion, and not by opposition. *See* R. Doc. 43, pp. 7-8.

As such, this motion was filed. R. Doc. 39. Defendants contend that the admissions should be withdrawn as (1) good cause exists for Defendants failure to timely respond, (2) the requests for admission are contradictory essentially allowing plaintiff to ability to pick and chose to present his case causing prejudice, and (3) admissions will serve justice and allow the merits of the parties' claims and defenses to be presented to the Court and the trier of fact. *Id.*

2

Plaintiff, in opposition, contends that Defendants' failure to respond creates a conclusively binding effect. R. Doc. 42, p. 2. In addition, Plaintiff contends Defendants failed to address a factor required under Federal Rule 36(b) and have not been diligent in seeking the admissions be withdrawn. *Id.* As such, Plaintiff requests the Court deny the instant motion. *Id.*

## II.     Standard of Review

Although the court has considerable discretion to permit withdrawal or amendment, a deemed admission may only be withdrawn when the moving party satisfies the conditions set forth in Federal Rule of Civil Procedure ("Rule") 36(b). *Murphy v. Falcon*, No. CV 18-9805, 2019 WL 2289471, at *2 (Wilkinson, M.J.) (E.D. La. May 29, 2019) (citing *American Auto. Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1119 (5th Cir. 1991); *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001)).

Under Rule 36(b), a district court may permit withdrawal of an admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the [party that requested the admissions] in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b); *see Carney*, 258 F.3d at 420 ("[T]he proper course for a litigant that wishes to avoid the consequences of failing to timely respond to Rule 36 requests for admission is to move the court to amend or withdraw the default admissions in accordance with the standard outlined in Rule 36(b).").

## III.    Analysis

In determining whether Defendants Tran and XL REI should be permitted to withdraw their admissions, the Court turns first to the factors articulated in Federal Rule of Civil Procedure 36(b).

### A. *Promotion of the Merits*

When considering whether permitting withdrawal of admissions would promote the merits of the case, courts consider whether "the merits would be served by advancing evidence showing

'the admission is contrary to the record of the case,' or that the admission 'is no longer true because of changed circumstances or [that] through an honest error a party has made an improvident admission.'" *Murphy*, 2019 WL 2289471, at *2–3 (quoting *N. La. Rehab. Ctr. Inc. v. United States*, 179 F. Supp. 2d 658, 663 (W.D. La. 2001)).

In addition, "[t]his circuit has also determined that a court acts within its discretion in considering the fault of the party seeking withdrawal or its diligence in seeking withdrawal." *Murphy*, 2019 WL 2289471, at *2–3 (citing *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390, 1394 (5th Cir. 1969) and *Covarrubias v. Five Unknown INS/Border Patrol Agents*, 192 F. App'x 247, 248, 2006 WL 1816311, at *1 (5th Cir. 2006) (per curiam) (unpublished).

Taking in these considerations, the Court notes upon review of the requests for admissions deemed admitted, the Court immediately sees contradictory admissions. *See* R. Doc. 39-4. For example, Request for Admission No. 1 asks whether Tran was employed at XL REI from May 2019 to the present, which was deemed admitted by matter a law. *Id.* Request for Admission No. 2, directly contrary, asks whether Tran was *not* employed at XL REI from May 2019 to the present. *Id.* This is not the only example, the request for admissions propounded by Plaintiff are replete with contradictory admissions.

As an example more closely related to the merits of the case, in Request for Admission No. 3, the Plaintiff asks Defendants whether they purchased the real property in question, and, in Request for Admission No. 4, Plaintiff asks the exact opposite that Defendants did *not* purchase the real property in question. Yet, both these are deemed admitted. As this case concerns unlawful eviction, the status of ownership of the house is a material issue. Still, as direct opposites, these admissions do not serve the merits of the case but rather allows Plaintiff to pick and choose the admissions he decides most benefits his position in the case. The Court, therefore, finds that the merits would not

be served because these admissions advance evidence that is contrary to the record of the case. As such, the Court finds this factor weighs heavily in favor in permitting the admissions be withdrawn.

In addition, while the Court cannot find that Defendants acted diligently in withdrawing the admissions, as their seemed to be much confusion about the proper procedural vehicle, this Court has held that "sloppy lawyering arising from failure to comply with the precise requirements of the Federal Rules" alone does not shift the balance of factors which militate in favor of permitting withdrawal of the deemed admissions. *Murphy*, 2019 WL 2289471, at *3.

### B. Requesting Party Prejudice

The Court next considers whether it "is not persuaded that it would prejudice the [party that requested the admissions] in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). The Court first notes the explicit text of the rule places the burden on the requesting party to show prejudice, as opposed to the responding party to show the requesting party is not prejudiced as suggested by the Plaintiff. *See id.*

Case law also indicates that "[p]rejudice does not arise under Rule 36(b) simply because 'the party who initially obtained the admission will now have to convince the fact finder of its truth.'" *Express Lien, Inc. v. RoHillCo Bus. Servs.*, LLC, No. CIV.A. 13-4889, 2014 WL 1870621, at *2 (Vance, D.J.) (E.D. La. May 8, 2014) (citing *Farr Man & Co., Inc. v. M/V Rozita*, 903 F.2d 871, 876 (1st Cir.1990) (quoting *Brook Village N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982))). Rather, prejudice under the Rule "relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses" as a result "of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Id.* (quoting *Brook Village*, 686 F.2d at 70); *see also Murphy*, 2019 WL 2289471, at *2–3 ("[c]ourts have usually found

5

that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.").

In this situation, Ivy makes no argument demonstrating any increased difficulty as a result of Defendants' Tran and XL REI withdrawal of its admissions at this time. In fact, Ivy only provides a single conclusory statement that he would be prejudiced. In this case, the District Court only recently issued a Scheduling Order which indicated that the discovery deadline in this case is January 18, 2022, and trial is not scheduled until March 7, 2022. R. Doc. 40. The Court fails to see with this much time remaining in the discovery period how allowing the withdraw of admissions would be prejudicial. As such, the Court weighs this factor in favor of permitting Defendants to withdraw their admissions.

Since Defendants Tran and XL REI meet the criteria for withdrawal of admissions under Rule 36(b), and since refusing to allow withdrawal would effectively decide the case on the basis of default admissions, the Court will permit Defendants to substitute its March 17, 2021 responses in place of its deemed admissions. *See Express Lien*, 2014 WL 1870621, at *2 (citing *Ordoyne v. McDermott, Inc.*, No. 99–3456, 2000 WL 964912, at *2 (Clement, D.J.) (E.D.La. July 11, 2000)).

IV.   <u>**Conclusion**</u>

Accordingly,

**IT IS ORDERED** that the Defendants Jade Tran ("Tran")'s and XL REI, Inc.'s **Motion to Undeem Deemed Admissions (R. Doc. 39) is GRANTED.**

New Orleans, Louisiana, this 20<u>th</u> day of April 2021.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**