## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RUSS IVY | * | CIVIL ACTION NO. 2:20-CV-01475 |
| | * | |
| VERSUS | * | JUDGE LEMELLE |
| | * | |
| JADE TRAN and XL REI, LLC | * | MAGISTRATE JUDGE ROBY |
| | * | |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN SUMMARY JUDGMENT

**TO THE HONORABLE U.S. DISTRICT JUDGE**:

Defendants, Jade Tran ("Tran"), and XL REI, Inc., by and through undersigned counsel, submit their Memorandum in Opposition of Plaintiff's Motion for Summary Judgment (Docket No. 60).

INTRODUCTION……………………………………………………………………………...1

ARGUMENT………………………………………………………………………………...3

    I.    Plaintiff Is Not Entitled to a Motion for Summary Judgment for Assault and Battery Where Plaintiff's Damage Claims Are in Dispute and Plaintiff Fails to Provide Any Corroborating Evidence Other Than His Own Self-Serving Testimony………………….3

    II.    Plaintiff Fails to Allege Sufficient Undisputed Facts to Warrant Summary Judgment on His Claim of Intentional Infliction of Emotional Distress Where There Is Conflicting Testimony Regarding Intent and the Conduct at Question Does Not Warrant a Determination of Extreme and Outrageous Behavior as a Matter of Law……………….. 5

    III.    There is a Genuine Issue of Material Fact as to Whether the Plaintiff Suffered a Wrongful Eviction Where There Was Never a Physical Eviction and Interference in His Peaceful Possession Was Limited to One Altercation and Law Enforcement Repeatedly Affirmed Plaintiff's Occupancy Rights………………………………………………………… 11

CONCLUSION…………………………………………………………………………..14

# TABLE OF AUTHORITIES

## **CASES**

*Bazley v. Tortorich*, 397 So. 2d 475, 481 (La. 1981)..................................................................7
*Beaudoin v. Hartford Acc. & Indem. Co.*, 594 So. 2d 1049 (La. App. 3 Cir. 1992)........................8
*Caudle v. Betts*, 512 So. 2d 389 (La. 1987)...............................................................................3, 7
*Constantin Land Trusts v. Pitre Industries*, 225 So. 3d 1089 (La. App. 1 Cir. 2017) ....................12
*Eddy v. Litton*, 586 So. 2d 670 (La. App. 2 Cir. 1991), *writ denied*, 590 So. 2d 1203 (La. 1992)..........................................................................................................................................4
*England v. S & M Foods, Inc.*, 511 So. 2d 1313 (La. App. 2 Cir. 1987).........................................3
*Essen Development v. Marr*, 687 So. 2d 98 (La. App. 1 Cir. 1995)..............................................13
*Forrest v. Dynamic Sec., Inc.*, No. CIV. A. 00-3423, 2002 WL 255503, (E.D. La. Feb. 20, 2002)..........................................................................................................................................7
*Ganheart v. Executive House Apartments*, 671 So. 2d 525 (La. App. 4 Cir. 1996).......................12
*Horizon River Restaurants v. West Centro*, 318 So. 3d 848 (La. App. 4 Cir. 2019).....................13
*Lacour v. Myer*, 98 So. 2d 308 (La. App. 1 Cir. 1957)................................................................12
*Nicholas v. Allstate Ins. Co.,* 765 So.2d 1017 (La. 2000)..........................................................6, 8
*N.S. v. City of Alexandria*, 919 F. Supp. 2d 773 (W.D. La. 2013).................................................3
*Singleton v. St. Charles Parish*, 833 So. 2d 486 (La. App. 5 Cir. 2002).......................................6
*Steward v. Parish of Jefferson*, 668 So. 2d 1292 (La. App. 5 Cir. 1996).......................................8
*Sylve v. HSPV, L.L.C.*, 2 F. Supp. 2d 837 (E.D. La. 1998).........................................................6, 7
*White v. Monsanto Co.,* 585 So.2d 1205 (La. 1991)..................................................................6, 8

## **Statutes**

*La. Rev. Stat. Ann. § 14:36 (2022)*..............................................................................................3

**INTRODUCTION**

Plaintiff, Russ Ivy, has moved for summary judgment on the issue of whether Defendants, Jade Tran and XL REI, LLC, are liable for assault, battery, intentional infliction of emotional distress, breach of the warranty of peaceable possession, and trespass. Plaintiff relies primarily on his own uncorroborated testimony to establish his "uncontested facts" and overstates the law to create the impression that these claims may be disposed of as a matter of law. Plaintiff's motion should be dismissed because there are genuine questions of material fact regarding injury-in-fact, intention, and causation which should be heard by the jury.

Defendant, Jade Tran ("Ms. Tran") arrived at the property on April 14, 2020 with the intention of cleaning and fumigating the property, the Plaintiff surprised her, and she guarded herself with a broom in self-defense. Ms. Tran lost control and began to scream at Plaintiff. This may have been related to Ms. Tran's bipolar disorder, which was undiagnosed at the time. She proceeded to bang on the outside of the dwelling and threw a satellite dish at a window. At which point she came to her senses and immediately left the property, and did not ever return.

Ms. Tran did not threaten to harm the Plaintiff before, during, or after the event. Plaintiff recorded a 911 call during the event, and a sheriff's report was created thereafter. Neither the call nor the report reflect that the Plaintiff was injured at the time of the incident nor that any defendant threatened to hurt the Plaintiff or intended to cause him emotional distress. The Defendant testified at deposition that she lost control, does not remember the events clearly, and did not intend to cause any harm. The question of intent is controversial, at the very least, and should be heard by the jury.

Further, although Ms. Tran's actions were regrettable, and certainly could have caused some apprehension or distress, no evidence has been produced to prove the Plaintiff's physical

and mental injuries other than his own testimony. Additionally, Plaintiff relies solely on his own testimony to prove that Defendants breached the warranty of peaceful possession. This is not a typical wrongful eviction action. Defendants did not forcibly remove the Plaintiff from the property, they did not lock him out, or otherwise physically prevent him from using the property. Rather, Plaintiff contends that he suffered such significant stress from the event that he could no longer live at the property, and therefore the warranty was implicitly breached. This contention is not subjectively reasonable, because there is no evidence that the Plaintiff was ever threatened, by the Defendants, or any of their agents. The evidence also shows that Ms. Tran never visited the property before or after the April 14 incident, until after Plaintiff had already moved out. The evidence also shows that the only agents of Ms. Tran or XL REI to visit the property were a locksmith, a cleaning person, and her bodyguard, none of whom threatened Plaintiff at any time. Plaintiff did not communicate with the Defendant that he felt distressed, he did not ask for any reassurance regarding the events, nor has he produced any physical evidence to corroborate his assertion that the property was psychologically uninhabitable. Whether or not the Plaintiff truly felt so distressed that he could no longer live in the property is a question of fact which should be heard by the jury.

At a minimum, the evidence suggests genuine questions, which should be heard by the jury, regarding: whether or not Plaintiff suffered any injury as a result of Ms. Tran's actions; whether or not Ms. Tran intended to cause any of the injuries complained of; and, whether or not Plaintiff reasonably believed that he could no longer inhabit the property. As such, Plaintiff's motion for summary judgment should be denied.

**ARGUMENT**

I. **Plaintiff Is Not Entitled to a Motion for Summary Judgment for Assault and Battery Where Plaintiff's Damage Claims Are in Dispute and Plaintiff Fails to Provide Any Corroborating Evidence Other Than His Own Self-Serving Testimony**

Plaintiff is not entitled to summary judgment on the issues of assault and battery because there are facts to suggest that Plaintiff was never injured by the Defendants, and Plaintiff has not produced any evidence beyond his own testimony to support his claims. Under Louisiana law, before a plaintiff can recover under either assault or battery, the plaintiff must provide at least minimal evidence of damages. Here, Plaintiff's reliance on his self-serving testimony is insufficient to meet his burden for summary judgment on either claims of assault or battery. Specifically, whether or not Plaintiff suffered damages, and if so, the extent of those damages, constitute genuine issues of material fact that should be resolved by the trier of fact.

In Louisiana, a battery occurs when the defendant causes the plaintiff to suffer a harmful or offensive contact.[1] Before a plaintiff can recover damages for battery, he must "prove by a preponderance of the evidence that his damages resulted from an unprovoked attack by the defendant."[2] An assault occurs when a defendant intends to either commit a battery or cause the plaintiff to suffer a reasonable apprehension of receiving a battery.[3] An assault requires "a combination of threats, present ability to carry out the threats, and reasonable apprehension of harmful or offensive contact."[4] Once it is determined that an assault and battery occurred, the trier of fact must weigh at least six factors to determine what, if any, damages are due, including

---
[1] *Caudle v. Betts*, 512 So. 2d 389, 391 (La. 1987).
[2] *England v. S & M Foods, Inc.*, 511 So. 2d 1313, 1314 (La. App. 2 Cir. 1987) citing *Gilliam v. Williams*, 451 So. 2d 681 (La. App. 2 Cir. 1984); *Hemsley v. Sims*, 325 So .2d 877 (La. App. 2 Cir. 1976), writ den., 328 So. 2d 374 (La. 1976).
[3] La. Rev. Stat. Ann. § 14:36 (2022).
[4] *N.S. v. City of Alexandria*, 919 F. Supp. 2d 773, 784 (W.D. La. 2013) citing *Groff v. Southwest Beverage Co., Inc.,* 997 So.2d 782, 787 (La. App. 3 Cir. 2008).

3

"physical pain and suffering, the factors of provocation, reasonableness of force used, attendant humiliating circumstances, sex of the victim, mental distress, etc."[5]

In *Galindo v. Precision American Corp.*, 754 F.2d 1212 (5th Cir. 1985), the Fifth Circuit vacated a motion for summary judgment where the moving party's only evidence supporting its motion was an affidavit asserting unsupported allegations of law and fact. The case involved a question of product liability under Texas law and whether the Georgia-Pacific Corporation engaged in the business of selling used equipment. Georgia-Pacific based it's entire motion for summary judgment on its own affidavit asserting that it was not in the business of selling used equipment. The Fifth Circuit found Georgia-Pacific's self-serving statements insufficient to meet its summary judgment burden. *Galindo* demonstrates a clear directive that the moving party in a motion for summary judgment cannot prevail when his only evidence consists of uncorroborated, conclusory testimony.

The case at hand is analogous to *Galindo* in that Plaintiff presents only his self-serving testimony to support his motion for summary judgment for assault and battery. While Plaintiff claimed in his deposition to have suffered an injury to his hand as well as fear and mental distress[6], Plaintiff is unable to provide any medical evidence or other corroborating evidence on the record.[7] Additionally, neither Plaintiff's 911 call nor the Washington Parish Sheriff Office's incident report from that day attest to Plaintiff suffering any injury.[8] Plaintiff's damage claim is an essential component to his right to recovery for assault and battery, and where Plaintiff only supports his claimed injuries with uncorroborated testimony, Plaintiff is not entitled to summary

---

[5]*Eddy v. Litton*, 586 So. 2d 670, 674 (La. App. 2 Cir. 1991), *writ denied*, 590 So. 2d 1203 (La. 1992).
[6]Ex. B, Pl.'s Depo. 88:14-89:10; 90:14-18.
[7]*See* Ex. D, Pl.'s Resp. to Def.'s Interrog. No. 18-19 (listing various conditions but no diagnosis time frame or any costs incurred in obtaining the diagnosis or associated treatments).
[8]Ex. G, Audiorecording of Pl.'s 911 Call, Apr. 14, 2020; Ex. E, Washington Parish Sheriff's Office Incident Report, Apr. 14, 2020.

judgment for assault and battery. To be clear, Ms. Tran is not claiming that a satellite dish thrown at a window can not cause physical or mental injury but rather, the issue is that there is evidence on the record to support a jury finding that the Ms. Tran's actions did not cause Plaintiff to suffer any physical or mental injury.

In summation, Plaintiff is not entitled to summary judgment on his claims of assault and battery because there is a disputed fact as to injury. Plaintiff's uncorroborated testimony of mental distress and physical injury, by itself, is insufficient to satisfy his summary judgment burden. Consequently, whether an injury occurred, and if so, the extent to which the Plaintiff is due damages, are genuine issues of material fact that should be resolved by the trier of fact.

**II.   Plaintiff Fails to Allege Sufficient Undisputed Facts to Warrant Summary Judgment on His Claim of Intentional Infliction of Emotional Distress Where There Is Conflicting Testimony Regarding Intent and the Conduct at Question Does Not Warrant a Determination of Extreme and Outrageous Behavior as a Matter of Law**

Plaintiff is not entitled to summary judgment on his claims of Intentional Infliction of Emotional Distress because there are genuine issues of material facts regarding key elements of Plaintiff's claim. In Louisiana, liability for Intentional Infliction of Emotional Distress arises when there is extreme and outrageous conduct that causes the plaintiff to suffer severe emotional distress, and the actor intended to inflict such distress on the plaintiff.  In this case, there are genuine issues of material facts as to whether Ms. Tran actions, in light of the circumstances, constituted extreme and outrageous conduct and whether those actions contained the requisite intent necessary to impose liability. Specifically, Ms. Tran's  behavior during the isolated April 14 incident, while regrettable, does not rise to the high bar required for liability for Intentional

5

Infliction of Emotional Distress and her actions were not an intentional calculation on her part to cause Plaintiff emotional distress.

In order to prevail on a claim for Intentional Infliction of Emotional Distress (IIED), the plaintiff must prove three elements: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct."[9] IIED claims are subject to "a high threshold for evidence"[10] and impose a heavy burden on the plaintiff.[11]  Actions that are merely tortious or illegal actions are insufficient to impose liability for IIED[12] as plaintiffs should expect to endure "occasional acts that are definitely inconsiderate and unkind."[13] It is only when the defendant's conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community" that the defendant exposes himself to liability to IIED.[14] Furthermore, a defendant is only liable for a plaintiff's peculiar susceptibility to emotional distress when the defendant has knowledge of that susceptibility.[15]

For there to be liability for IIED, the defendant's actions "must be intended or calculated to cause severe emotional distress and not just some lesser degree of fright, humiliation, embarrassment, worry, or the like."[16] IIED's intentionality requirement makes it distinguishable from other torts like assault. Assault imposes liability for a defendant's intentional actions

---

[9] *White v. Monsanto Co.,* 585 So. 2d 1205, 1209 (La. 1991).
[10] *Singleton v. St. Charles Parish*, 833 So. 2d 486, 495 (La. App. 5 Cir. 2002).
[11] *Sylve v. HSPV, L.L.C.*, 2 F. Supp. 2d 837, 841 (E.D. La. 1998) quoting *Scamardo v. Dunaway,* 694 So. 2d 1041, 1042 (La. App. 5 Cir. 1997).
[12] *Nicolas v. Allstate Ins. Co.*, 765 So. 2d 1017, 1025 (La. 2000).
[13] *White*, 585 So. 2d at 1209.
[14] *Id.*
[15] *Id.* at 1210.
[16] *Id.*

6

regardless of whether the defendant intended the resulting consequences.[17] In contrast, IIED requires not only intentional action but also intentional consequences.[18]

Motions for summary judgment for IIED most commonly occur in the employment context and focus on whether or not the defendant's conduct constituted extreme and outrageous conduct as a matter of law. In *Syle*, this Court granted the defendant's motion for summary judgment when it found that the conduct described in the plaintiff's petition including that he was terminated from his job as a labor foreman following a substantial decrease in the factory's workload could not, as a matter of law, "approach the level of outrageous, extreme, atrocious, or utterly intolerable conduct that would allow a jury to find liability."[19] Similarly, in *Forrest v. Dynamic Sec., Inc.*, No. CIV. A. 00-3423, 2002 WL 255503, (E.D. La. Feb. 20, 2002), this Court granted the defendant's motion for summary judgment for IIED after determining that public humiliation and being fired in front of colleagues did not constitute extreme and outrageous conduct. This Court also held that plaintiff failed to meet its burden of showing that defendant's offending conduct was intended to cause plaintiff severe emotional distress. *Syle* and *Forrest* demonstrate that whether the conduct at issue is extreme and outrageous and whether a defendant intended to cause the plaintiff emotional distress are both material facts central to evaluating a motion for summary judgment.

Ms. Tran was unable to find a single case where a Louisiana court, or a Federal court applying Louisiana law, made a determination of whether a physical altercation constituted

---

[17]*Caudle,* 512 So. 2d at 391 (holding that liability for assault occurs "not only for contacts that do actual physical harm, but also for those relatively trivial ones which are merely offensive and insulting.").
[18]*Bazley v. Tortorich*, 397 So. 2d 475, 481 (La. 1981) (finding that for intentional torts, especially IIED, intent means the actor "consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct. . . Thus, intent has reference to the consequences of an act rather than to the act itself.").
[19]*Syle*, 2 F. Supp. 2d at 841.

7

extreme and outrageous conduct as a matter of law. However, there is extensive case law for determinations of extreme and outrageous conduct within the employment context. IIED claims arising from actions within the workplace require not only that there be "a pattern of deliberate, repeated harassment over a period of time" but also that the harassment constitutes the high threshold of extreme and outrageous conduct.[20] For instance, in *Steward v. Parish of Jefferson*, 668 So. 2d 1292 (La. App. 5 Cir. 1996), the Louisiana Fifth Circuit found that the supervisor's harassment of the plaintiff-employee, including questioning the employee's personal life, increasing the employee's workload, and pressuring the employee to accept a demotion, ultimately leading to the employee's termination did not constitute extreme and outrageous behavior. Similarly, the Louisiana Third Circuit, in *Beaudoin v. Hartford Acc. & Indem. Co.*, 594 So. 2d 1049, (La. App. 3 Cir. 1992), ruled that a supervisor's eight-month campaign of abuse against a subordinate, including verbal assaults of shouting, cursing, and name calling, as well as the making of false accusations, did not constitute extreme and outrageous conduct. In sum, these cases demonstrate that harassment and other tortious conduct, by itself, is insufficient to warrant a finding of extreme and outrageous conduct as a matter of law.

Here, the April 14 altercation, while regrettable, was a singular instance lasting a brief period of time and there is no other pattern or history of Plaintiff suffering anything other than "fright, humiliation, embarrassment, worry, or the like."[21] Whether the April 14 actions constituted extreme and outrageous behavior that is "utterly intolerable by a civilized community" is a determination for the trier of fact.[22] The April 14 incident was extremely brief, lasting less than five minutes, and did not arise from a pattern of harassing behavior.

---

[20]*Nicholas*, 765 So. 2d at 1026.
[21]*White*, 585 So. 2d at 1210.
[22]*Id.* at 1209.

8

Beyond the single altercation, none of the other actions taken by Ms. Tran including sending a locksmith, a cleaner, and law enforcement to the property could reasonably be considered extreme and outrageous. The fact that Plaintiff did not receive advance notice of the visits is entirely reasonable in light of the fact that Ms. Tran earnestly believed Plaintiff had abandoned the property.[23] While Plaintiff also claims Ms. Tran continued to harass him following the April 14 incident, these claims are conclusory allegations unsupported on the record. Crucially, when Ms. Tran requested Plaintiff provide details and any supporting fact, documents, or communications corroborating Plaintiff's assertions, Plaintiff could only provide his deposition statement[24] containing vague descriptions of "weird cars" driving down a public road.[25] Plaintiff provides no evidence of further communications, directly or indirectly, with Ms. Tran or XL REI. In fact, Ms. Tran never returned to the property following the April 14 incident while the Plaintiff still lived there.[26]

Importantly, Plaintiff's particular susceptibility is immaterial to a determination of IIED when Ms. Tran had no knowledge of Plaintiff's particular susceptibility. It is undisputed on the record that Plaintiff never informed Ms. Tran of his health issues or any particularly susceptibility to COVID-19 infections. Consequently, any particular distress Plaintiff suffered because of his health conditions is irrelevant to the determination at hand.

Finally, Plaintiff's motion for summary judgment fails to address the intentionality element of IIED. Plaintiff supports his IIED claim with two citations to the Deposition of XL REI and two citations to the Deposition of Ivy Russ.[27] The XL REI citations attest to Ms. Tran's

---

[23] Ex. A, Def. Dep. 49:14-21, 75:22-76:6.
[24] Ex. D, Pl.'s Resp. to Def.'s Interrog. No. 16.
[25] Ex. B, Pl. Dep. 86:19.
[26] Ex. A, Def. Dep. 49:25-50:3, 77:5-14.
[27] Pl.'s Mot. Summ. J. 6, ECF No. 53-1.

actions but not her intentions.[28] The citations to Plaintiff's deposition reference his physical injury and his subjective feelings that the home was no longer safe, neither of which speak to Ms. Tran's intent.[29] In contrast, Ms. Tran specifically testifies that she never intended to attack Plaintiff or to otherwise cause him emotional distress. According to Ms. Tran's deposition testimony, her intent when she visited the rental property on April 14 was to clean and fumigate.[30] When she arrived at the property that day, she was almost immediately accosted by an unknown man who appeared out of nowhere.[31] At the time Plaintiff startled Ms. Tran, Ms. Tran had only recently learned that Plaintiff had a disturbing arrest record involving crimes against children and a known reputation in the community for destroying rental properties.[32] Ms. Tran was also in the midst of a manic episode at the time.[33] Ms. Tran repeatedly testifies that her intent when she picked up the broom was self-defense only.[34] In light of the circumstances, including Ms. Tran's concern for her safety when startled by Plaintiff and her psychiatric condition, there is a genuine issue of material fact as to whether Ms. Tran acted with intent that day or whether she simply lost control of the situation and her behavior. It is possible a reasonable juror could find that Ms. Tran's actions during the April 14 incident lacked the requisite intent required for IIED.

Plaintiff's motion for summary judgment on his claim of Intentional Infliction of Emotional Distress must be denied because there is a genuine dispute of material fact as to whether Ms. Tran's actions constituted extreme and outrageous behavior. Further, Plaintiff's

---

[28] Ex. A, Def. Dep. 84:14-19 (stating that Ms. Tran picked up the saitellite dish and threw it); 101:16-102:6 (stating that Ms. Tran banged on the side of the house).
[29] Ex. B, Pl. Dep. 88:14-89:10 (stating that Plaintiff was injured); 92:6-19 (stating that Plaintiff no longer felt safe).
[30] Ex. A, Def. Dep. 91:12-17.
[31] Ex. C. Def.'s Resp. to Pl.'s Interrog. No. 16.
[32] Ex. C, Def.'s Resp. to Pl.'s Interrog. No. 8.
[33] Ex. A, Def. Dep. 85:11-19, 89:18-25.
[34] Ex. A, Def. Dep. 79:14-17, 124:15-18.

assertions of his heightened susceptibility must be disregarded in light of the fact that this information was never shared with Ms. Tran. Finally, there is a genuine issue of material fact as to whether Ms. Tran acted with the requisite intent necessary to impose liability for IIED. For these reasons, Plaintiff's motion for summary judgment on his claim of Intentional Infliction of Emotional Distress must be denied.

**III.     There is a Genuine Issue of Material Fact as to Whether the Plaintiff Suffered a Wrongful Eviction Where There Was Never a Physical Eviction and Interference in His Peaceful Possession Was Limited to One Altercation and Law Enforcement Repeatedly Affirmed Plaintiff's Occupancy Rights**

Plaintiff's motion for summary judgment for breach of the warranty of peaceful possession must be denied because it fails to present any facts to establish any necessary element of that claim. Plaintiff's motion baldly states the definition of the warranty with an uncited, conclusory statement that causing property damage constitutes a breach of that warranty. In Louisiana, the warranty of peaceful possession is an implied warranty which applies to leases of property. An implied warranty is one which is not explicitly contained in the contract, but provided by law. The implied warranty can be breached partially or completely. The warranty is completely breached when the tenant is permanently deprived of their right to peacefully enjoy the property. Any other breach of the warranty is partial. A partial breach may occur when the tenant loses peaceful possession of a single room in their apartment, or when the interruption of the tenant's possession of the entire property is only temporary. A tenant is not necessarily entitled to terminate their lease based on a partial or temporary breach. In those cases, the tenant is entitled to the reduced value of the property, which is generally calculated as a rent credit for the pro rata portion of the rent period where their possession was interrupted, multiplied by the

11

percentage of the property which was unavailable. The facts presented by Plaintiff establish a temporary breach, at best, and he was not entitled to terminate his lease or claim wrongful eviction under these circumstances. Plaintiff has only established that he had a single altercation with the Defendant at the property that lasted approximately four minutes. He was never forcibly removed or evicted, judicially or otherwise, he maintained use of the property for several months following the altercation, and eventually abandoned the property on his own accord.

In Louisiana, a constructive eviction occurs when there is a breach of the warranty of peaceful possession. To breach the warranty of peaceful possession, the disturbance must be to such an extent that the lessee "can no longer use the premises for the intended use."[35] For a disturbance to amount to a violation of peaceful possession that constructively evicts the tenant, the landlord's actions must constitute "serious and continued violations by the landlord of his warranty of peaceable possession."[36]

*Lacour v. Myer*, while old, provides an instructive example of when a landlord's continuous actions render a property unfit for its intended use. In that case, the landlord provided water service to the tenant but cut service off nightly at 7 p.m. and eventually stopped water service entirely. The Court found that the continuous disruption in water service, and its eventual permanent termination, rendered the property uninhabitable by the tenant who lived on the property with his six small children. In a more recent example out of the Fourth Circuit, a landlord violated the warranty of peaceful possession when he rendered the premises unfit for occupancy by failing to address repeated plumbing issues that resulted in the tenant having to continuously clean the property.[37] Both of these cases illustrate that for a disturbance to breach

---

[35]*Constantin Land Trusts v. Pitre Indus.*, 225 So. 3d 1089, 1093 (La. App. 1 Cir. 2017) citing *McCurdy v. Bloom's Inc.*, 907 So.2d 896, 901 (La. App. 2 Cir. 2005).
[36]*Lacour v. Myer*, 98 So. 2d 308, 309 (La. App. 1 Cir. 1957).
[37]*Ganheart v. Executive House Apartments*, 671 So. 2d 525 (La. App. 4 Cir. 1996).

the warranty of peaceful possession, it must present a repetitive obstacle to a tenant's ability to enjoy the property.

The case at hand is distinguishable from both *Lacour* and *Ganheart*. In *Lacour*, the landlord had a repeated and continuous history of interfering with water service for the entire duration of the tenant's occupancy of the property. In contrast, here, Plaintiff fails to allege any repeated or continuous history of interference with peaceful possession. Plaintiffs claims of repeated harassment after April 14, 2020 are uncorroborated on the record[38] and the April 14 incident on its own is insufficient to constitute a breach of the warranty of peaceful possession.[39] Similarly, Plaintiff's complaints of distress in having to interact with police does not support a claim of eviction when their presence was limited to only a few instances and, in all instances, law enforcement affirmed Plaintiff's right of occupancy. To the extent that the Plaintiff was inconvenienced by his interactions with law enforcement, inconveniences do not constitute a violation of peaceful possession.[40] Simply put, a single altercation and a handful of interactions with law enforcement do not establish a pattern of repeated or continuous behavior that would render the property uninhabitable.

Similarly, the facts at hand are distinguishable from *Ganheart* in that there is no alleged defect in the condition of the home or any of its component parts. Rather, Plaintiff asserts that it was his personal feelings of insecurity that rendered the property uninhabitable. Specifically, during his deposition, Plaintiff stated that his paranoia induced him to leave the property and move to an undisclosed location.[41] Ms. Tran is unaware of any case law that supports the

---

[38] Ex. D, Pl.'s Resp. to Def.'s Interrog. No. 16.
[39] *See Essen Dev. v. Marr*, 687 So. 2d 98 (La. App. 1 Cir. 1995) (finding for a disruption to breach the warranty of peaceful possession, it must be so frequent and so intense that it renders continued occupancy of the property unbearable).
[40] *Horizon River Rests. v. West Centro*, 318 So. 3d 848, 857 (La. App. 4 Cir. 2019).
[41] Ex. B, Pl. Depo. 95:24-96:21.

13

assertion that a tenant's subjective unhappiness is sufficient to render a property legally unfit for occupancy.

Ms. Tran took no action to block Plaintiff from entering property or otherwise render the property unfit for occupancy. Other than the single altercation, Ms. Tran did not do or say anything threatening to Plaintiff other than she would start eviction proceedings for nonpayment of rent.[42] There was no interference from Ms. Tran with the suitability of the home as a residence like a cessation of utility services or unrepaired defects.[43] Plaintiff has failed to plead any fact to support a finding that the residence was objectively uninhabitable. Consequently, the determination of whether Ms. Tran violated the warranty of peaceful possession is a genuine issue of material fact that may only be resolved by the trier of fact. Accordingly, Plaintiff's motion for summary judgment for wrongful eviction should be denied.

## CONCLUSION

Plaintiff is not entitled to summary judgment when the record shows genuine disputes of material facts. Plaintiff has failed to allege sufficient uncontested facts that would warrant a finding as a matter of law that Ms. Tran caused Plaintiff physical or emotional harm. Plaintiff is unable to provide any specific medical information other than vague diagnoses, his injury claims are not reflected in any supporting evidence, and the record does not show he incurred any medical costs. In regards to Plaintiff's claim for Intentional Infliction of Emotional Distress, Ms. Tran disputes that her actions constituted extreme and outrageous conduct when she tried to secure presumably abandoned property and later attempted to fumigate the untidy residence. Plaintiff offers no evidence of Ms. Tran's intent and Ms. Tran repeatedly testified that she never intended to cause Plaintiff distress. Finally, Ms. Tran disputes that Plaintiff suffered a

---

[42]Ex. A, Def.'s Dep. 32:3-13.
[43]Ex. F, Washington-St. Tammany Elec. Coop. Service Records (showing electric service disconnection to be a direct result of Plaintiff's failure to remit payment).

14

constructive eviction sufficient to breach the warranty of peaceful possession. Ms. Tran entered onto the property one time, and while the visit was tumultuous it was also brief. Ms. Tran took no other actions to interfere with Plaintiff's habitation outside of that singular altercation. The totality of the evidence, when viewed in the light most favorable to the non-moving party, shows that there exist significant disputes of material facts which cannot be dispensed with by summary judgment. Plaintiff's motion for summary judgment must be denied.

Dated: January 11, 2021

                                                                             Respectfully Submitted,

By: s/ D. Alex Onstott
D. Alex Onstott (LA36611)
Julia Zuckerman (LA37359)
alex@colaw.llc
julia@colaw.llc

CIOLINO & ONSTOTT, LLC
400 Poydras St., Suite 2145
New Orleans, LA 70130

Attorneys for Defendants
Jade Tran and XL REI, LLC

16

## CERTIFICATE OF SERVICE

I hereby certify that today I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such upon all attorneys of record.

Dated: January 11, 2022

                                           s/ D. Alex Onstott

                                           D. Alex Onstott