UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RUSS IVY | * | CIVIL ACTION NO. 2:20-CV-01475 |
| | * | |
| VERSUS | * | JUDGE LEMELLE |
| | * | |
| JADE TRAN and XL REI, LLC | * | MAGISTRATE JUDGE ROBY |
| | * | |

**DEFENDANT'S CONCISE STATEMENT OF UNCONTESTED MATERIAL FACTS**

Pursuant to Local Rule 56, Defendants Jade Tran and XL REI, LLC respectfully submit this Concise Statement of Uncontested Material Facts.

1. Defendant, Jade Tran ("Ms. Tran"), executed a lease agreement with Plaintiff in 2018 for rental property located in Bogalusa, Louisiana.[1]

2. For reasons unknown to Ms. Tran, Plaintiff stopped paying rent and was three months behind in rental payments by March 2020.[2]

3. Plaintiff ceased all communications with Ms. Tran after March 16, 2020.[3]

4. Ms. Tran attempted to confirm Plaintiff's abandonment on April 1, 2020 when she texted Plaintiff stating she believed he had abandoned the property; and Plaintiff did not respond to the text message.[4]

5. Plaintiff's lack of communication and nonpayment of rent led Ms. Tran to believe Plaintiff had abandoned the property.[5]

---

[1] Ex. A, Def.'s Depo. 37:23-38:5.
[2] Ex. C, Def.'s Resp. to Pl.'s Interrog. No. 13.
[3] *Id.*
[4] *Id.*
[5] *Id.*; Ex. A, Def.'s Depo. 49:14-21

6. Believing the rental property to be abandoned, Ms. Tran hired a locksmith to secure the property and enlisted a cleaning company to clean and prepare the property for new tenants.[6]

7. When the locksmith informed Ms. Tran that an individual was living on the property, Ms. Tran requested the Washington Parish Sheriff's Office go out to the property to identify the individual as she was unsure if the individual was a squatter or if it was Plaintiff.[7]

8. The Washington Parish Sheriff's Office advised Ms. Tran that she would need to travel to Louisiana to take care of the situation herself.[8]

9. The Sheriff's Office also informed Ms. Tran about Platiniff's recent arrest for child abuse and/or indecent behavior with a juvenile.[9]

10. Ms. Tran also learned from a local Justice of the Peace that Plaintiff has a known history in the community of destroying rental properties.[10]

11. There was no electrical service at the property from February 14, 2020 until after the Plaintiff left the property because he neglected to pay electric bills for multiple months.[11]

12. Ms. Tran arrived at the property on April 14, 2020 with the intention of cleaning and fumigating the property.[12]

13. Ms. Tran began to inspect the exterior of the property when the Plaintiff "appeared out of nowhere" and surprised her.[13]

---

[6] Ex. A, Def.'s Depo. 48:18-20, 75:22-76:6.
[7] *Id.* at 48:12-49:8.
[8] *Id.* at 57:22-58:1.
[9] Ex. C, Def.'s Resp. to Pl.'s Interrog. No. 8; Ex. A, Def.'s Depo. 35:6-12.
[10] Ex. C, Def.'s Resp. to Pl.'s Interrog. No. 8.
[11] Ex. F, Washington-St. Tammany Elec. Coop. Service Records.
[12] Ex. A, Def.'s Depo. 91:12-17.
[13] *Id.* at 79:14-17.

14. After being surprised by Plaintiff, Ms. Tran was overcome with emotion and lost control of herself, possibly due to her bipolar disorder, which was undiagnosed at the time.[14]

15. She proceeded to bang on the outside of the building and threw a satellite dish at a window before she came to her senses and immediately left the property.[15]

16. Plaintiff called 911 during the event.[16]

17. Plaintiff spent three minutes and forty-two seconds on the phone with 911, and narrated the events occurring to the 911 operator, but never once mentioned suffering any physical injury or having a need for medical attention. [17]

18. The April 14, 2020 police report did not mention that any injuries occurred nor did it indicate that Plaintiff received medical treatment.[18]

19. The police report also does not indicate that Plaintiff was verbally threatened by Ms. Tran or anyone else.[19]

20. While Plaintiff lived at the property, Ms. Tran visited only once, on the date of the incident.[20]

21. She did not return to the property again after that day.[21]

22. Plaintiff's own paranoia eventually prompted him to abandon the rental property several months after the April 14 incident.[22]

---

[14]Ex. C, Def.'s Resp. to Pl.'s Interrog. No. 16; Ex. A, Def.'s Depo. 85:11-19, 89:18-25.
[15]Ex. A, Def.'s Depo.  84:14-19.
[16]Ex. E, Washington Parish Sheriff's Office Incident Report, Apr. 14, 2020.
[17]Ex. B, Pl.'s Depo. 70:21-23, 88:18-20; Ex. G, Audiorecording of Pl.'s 911 Call, Apr. 14, 2020.
[18]Ex. E, Washington Parish Sheriff's Office Incident Report, Apr. 14, 2020.
[19]*Id.*
[20]Ex. A, Def.'s Depo. 49:25-50:3.
[21]Ex. C, Def.'s Resp. to Pl.'s Interrog. No. 9; Ex. A, Def.'s Depo. 77:5-8.
[22]Ex. B, Pl.'s Depo. 95:24-96:21.

Dated: January 11, 2022

                                                Respectfully Submitted,

                                                By:  s/ D. Alex Onstott
                                                D. Alex Onstott (LA36611)
                                                Julia Zuckerman(LA37359
                                                alex@colaw.llc
                                                julia@colaw.llc

                                                CIOLINO & ONSTOTT, LLC
                                                400 Poydras St., Suite 2145
                                                New Orleans, LA 70130

                                                Attorneys for Defendants
                                                Jade Tran and XL REI, LLC

## CERTIFICATE OF SERVICE

I hereby certify that today I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such upon all attorneys of record.

Dated: January 11, 2022

                                          s/ D. Alex Onstott
                                          D. Alex Onstott
