**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| RUSS IVY, )<br>)<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>JADE TRAN; XL REI, LLC; DOES 1-10 )<br>)<br>      Defendants. ) | Case No. 2:20-cv-01475-ILRL-KWR |

**JOINT PRETRIAL ORDER**

**I.  DATE OF PRETRIAL CONFERENCE**

Monday, February, 17, 2022, at 10:30 a.m.

**II.  APPEARANCE OF COUNSEL AND PARTY REPRESENTED**

| | |
|---|---|
| Plaintiff, Russ Ivy<br>Hope Phelps (#37259)<br>William Most (#36914)<br>Most & Associates<br>201 St. Charles Ave., Ste. 114, #101<br>New Orleans, LA 70170<br>Telephone: (504) 509-5023<br>hpa.phelps@gmail.com<br>williammost@gmail.com | Defendants, XL REI, LLC and Jade Tran<br>Alex Onstott (LA36611)<br>Ciolino & Onstott<br>400 Poydras Street, Suite 2145<br>New Orleans, LA 70130<br>Telephone: (504) 294-5827<br>alex@colaw.llc |

**III.  DESCRIPTION OF PARTIES**

Plaintiff Russ Ivy is an individual of the full age of majority and a resident and domiciliary of Washington Parish, Louisiana.

Defendant Jade Tran is an individual of the full age of majority and a resident and domiciliary of Austin, Texas, and doing business in Washington Parish, Louisiana.

Defendant XL REI, LLC, is a corporation domiciled and principal place of business in Austin, Texas, with a registered office in Lafayette, Louisiana.

## IV. JURISDICTION

This court has jurisdiction over this civil matter pursuant to 28 U.S.C. § 1332. No party objects to this court's jurisdiction.

In denying Defendant's Motion to Dismiss, this court found that Plaintiff's complaint "set forth multiple theories of recovery and sets forth detailed factual allegations which, if proven, could warrant recovery in excess of the $75,000 jurisdictional threshold." R. Doc. 24, p. 7.

## V. PENDING/CONTEMPLATED MOTIONS OR SPECIAL ISSUES FOR DETERMINATION IN ADVANCE OF TRIAL

Plaintiff Russ Ivy filed a Motion for Partial Summary Judgment seeking judgment as a matter of law on his claims of trespass, intentional infliction of emotional distress, breach of warranty of peaceful possession, and assault and battery. R. Doc. 53. Defendants filed an opposition on January 11, 2022 (R. Doc. 60), and Plaintiff Russ Ivy's reply was entered into the record on January 27, 2022 (R. Doc. 65).

Additionally, on February 7, 2022, Plaintiff Russ Ivy filed Motions *in Limine* to exclude evidence of any of Plaintiff's criminal activity or history and to exclude evidence of Defendant Jade Tran's mental health.

These motions are currently pending before the Court.

Defendants have filed or intend to file Motions in Limine to exclude statutes and news articles regarding COVID-19; hearsay; evidence regarding the criminal history of Timothy Todd Spelts; Statements made by Timothy Todd Spelts when he was not acting as an agent of any Defendant; statements made for the purposes of settlement; and documents and witnesses which were not disclosed in discovery, nor in any witness or exhibit list as previously ordered by this court in Doc. 40.

## VI. BRIEF SUMMARY OF MATERIAL FACTS CLAIMED

### a. By Plaintiff Russ Ivy

In the Spring of 2019, Plaintiff Russ Ivy was searching for companies that could handle rent-to-own agreements because he was interested in renting to own the property at 56341 Dock Marinoff Road, where he was living. Plaintiff began receiving advertisements from Defendant XL REI, LLC on Facebook. Mr. Ivy contacted XL REI by phone and through Facebook messenger. He was then put in touch with Defendant Jade Tran, who convinced him to enter into the rent-to-own agreement with XL REI.

Defendant XL REI, LLC advertised itself to Plaintiff Russ Ivy as a reputable real estate company with a wide range of mid-range and luxury homes for rent and sale. But XL REI was a complete sham – it did not own any of the homes it advertised. Some of them do not even exist;

2

they were 3D renderings of non-existent homes that XL REI had copied from various places on the internet. Mr. Ivy did not know any of that, however, and so he rented a home from XL REI in Bogalusa, LA, under a lease-to-own contract.

On August 1st, 2019, Russ Ivy signed a lease to rent the property at 56341 Dock Marinoff Road in Bogalusa, Louisiana, from Jade Tran and XL REI, LLC. The lease was predicated on a rent-to-own agreement, which was incorporated into the lease.

Mr. Ivy lived at the property undisturbed until April 6, 2020, when a man he had never seen showed up to change his locks. Mr. Ivy told the man that he was the tenant and asked him to leave. A cleaning service provider also came up to Mr. Ivy's door and said she was there to clean the property for a new tenant. On April 7, 2020, law enforcement knocked on his door and told Mr. Ivy that they had been contacted by the landlord and that he should vacate the premises. When Mr. Ivy explained that he never received an eviction notice, the officer handed him a notice dated March 25, 2020, and told him "now you have."

Mr. Ivy did not receive a proper notice until April 9, 2020, via FedEx. The next day, the same law enforcement officers arrived and, again, told Mr. Ivy to leave. But when Mr. Ivy showed the April 9, 2020, FedEx receipt to the officers, they called Defendant Jade Tran and explained that they did not have legal authority to make Mr. Ivy leave at that time. Defendant Tran protested, claiming that she had already rented the property to someone else and that Mr. Ivy had to vacate the property so the new tenant could move in.

Defendants and their agents conducted a campaign of intimidation in an apparent effort to force Mr. Ivy from the property. This included Defendant Tran threatening Mr. Ivy that she was on her way to the property with a U-Haul truck on April 13, 2020, and ultimately attacking Mr. Ivy with a broom, banging on his door while yelling at him to leave, and breaking his window with a satellite dish, prompting Mr. Ivy to call 911 out of fear for his life on April 14, 2020.

Making matters worse, the attempted illegal eviction happened in the midst of the COVID-19 pandemic while Mr. Ivy was self-quarantined upon the advice of a doctor. Louisiana Governor John Bel Edwards' stay-at-home order was active at all times relevant, as was the CARES Act Eviction Moratorium.

Mr. Ivy seeks a range of damages for his various claims. As this Court noted, per a term in the lease-to-own contract, Mr. Ivy intended to purchase the property for $80,000, less the rent and security deposit already paid, but could not because of Defendants' actions.[1] He also seeks damages for the physical injury he suffered caused by the broken glass lacerating his skin, and emotional distress damages for the harm he suffered as a result of being attacked in his own home and forced to leave, during a time when he was prohibited from leaving and also at serious risk of harm. Furthermore, Mr. Ivy may be entitled to "statutory penalties under the LUTPA,"[2] which includes attorneys fees[3] and

---

[1] R. Doc. 24 at 9.

[2] Id. (holding that the facts alleged by Plaintiff, "if proven, would warrant such statutory penalties under the LUTPA.")

[3] R.S. 51:1409(A).

an additional civil penalty of $5,000 for each violation because Mr. Ivy was a person with a disability in the form of chronic obstructive pulmonary disease.[4]

### b. By Defendants XL REI LLC and Jade Tran

Jade Tran started XL REI in 2019. She intended to invest in off-market real estate to make profit by wholesaling/arbitraging below market properties. She was the only member and employee, although she had various friends and family members involved with the business as investors and advisors. She hired numerous contractors from UpWork and Fiverr for branding, marketing, web development, and so forth. They created social media accounts and a webpage from templates, and the website, particularly, was never finished. The website depicted stock photos and template listings from a website called "Zoacres". The template website was published with XL REI's branding, and some entries were edited to match properties which XL REI was under contract to purchase (though ultimately the company only ever purchased two properties, the one in this case and one other, which was immediately sold).

At that time, Plaintiff was renting a mobile home in Bogalusa, LA, and wanted to "lease-to-own" the property. The current owners did not want to, so he Googled companies that would be willing to purchase the property and enter into such an agreement. He found XL REI's Facebook page, and decided to contact them through Facebook. They discussed what he wanted through Facebook, and she agreed to purchase the property and lease back to him with a purchase option. Jade purchased the property and entered the lease with the Plaintiff, on behalf of XL REI. (Jade purchased the property individually as XL REI was not properly domesticated in Louisiana at the time.)

Plaintiff stopped paying rent in February of 2020. Electricity was also disconnected from the property at that time. Defendants sent texts and notices regarding non-payment, with no response. In March of 2020, Defendants assumed the property was abandoned due to the Plaintiff's lack of communication, and took steps to secure it. Defendant called the police to check if the property was abandoned, she also called a locksmith and a cleaner to visit the property and get it ready for a new tenant.

The police went to the property, first and found that the Plaintiff, Russ Ivy, was still there. They informed Jade that they could not remove him, and delivered a notice of eviction. Particularly, the police told the Defendants "you have to come down here and handle it yourself." Without consulting with an attorney, Jade travelled to Louisiana to evict the Plaintiff. As Jade had been informed by the police that Plaintiff had a criminal history, she hired a bodyguard to accompany her. The bodyguard arrived at the property before Jade, and the Plaintiff called the police and his attorney. When Jade arrived, they informed her that she could not force him out. She left, and returned the next day to inspect the property, since it was messy and she wanted to take pictures to find a new tenant. While there, she was surprised by the Plaintiff and lost control. She repeatedly struck the sides of the mobile home with a broom, and threw an old satellite dish, which broke a window. Jade was startled by the broken window, came to her senses, and

---

[4] R.S. 51:1407(C).

immediately left the property. Jade never arrested or charged with any crimes related to this incident. Defendants did not return to the property after that until after the Plaintiff moved out.

## VII. SINGLE LISTING OF UNCONTESTED MATERIAL FACTS

1. On August 1, 2019, Defendants executed a lease with a purchase option with Plaintiff Russ Ivy for rental property located at 56341 Dock Marinoff Road, Bogalusa, Louisiana, 70427.
2. In February 2020, Plaintiff stopped paying rent under the lease.
3. Mr. Ivy had chronic obstructive pulmonary disease (COPD).
4. Washington-St. Tammany Electric Cooperative disconnected electrical service to the property in February 2020 due to nonpayment.
5. In April 2020, Defendant Jade Tran contacted law enforcement on multiple occasions and asked them to go to the property.
6. On April 7, 2020, at Defendant Jade Tran's request, Shanniquial Warren dispatched law enforcement officers Matthew Manning and David Cupp to the rental property.
7. On April 9, 2020, Plaintiff Russ Ivy received an eviction notice from Defendants via FedEx.
8. On April 10, 2020, Officers Cupp and Manning returned to the property and spoke with Defendant Tran on the phone.
9. Officers Cupp and Manning explained that they did not have legal authority to make Plaintiff Russ Ivy leave the property at that time, and Defendant Tran responded that she had already rented the property to someone else.
10. Defendants hired a locksmith to change the locks on the property, and the locksmith arrived to change the locks on April 10, 2020.
11. Defendants hired a cleaning company to clean the property, and the cleaning person arrived to clean the property on April 10, 2020.
12. In April 2020, Defendant Jade Tran traveled from Oklahoma to Bogalusa, Louisiana.
13. Defendant Jade Tran hired a former federal agent, Timothy Todd Spelts, to accompany her to the rental property.
14. On April 13, 2020, prior to Defendant Jade Tran's arrival, Timothy Todd Spelts drove onto the rental property and asked Plaintiff Russ Ivy for directions.
15. Thereafter, Plaintiff called the police.
16. After the police arrived, Defendant Jade Tran a arrived at the property in a U-Haul truck, and was intercepted by Lt. Chris Hickman and Officer Mitchell Nesmith, who were dispatched by Tonnia Davis.
17. Upon being instructed by Lt. Hickman that they could not remove the Plaintiff's belongings, Defendant Jade Tran and Mr. Spelts left the property.
18. On April 14, 2020, Defendant Jade Tran returned to the rental property.
19. On April 14, 2020, Defendant Jade Tran was dropped off at the property by Timothy Todd Spelts, who remained in his car, on the road. Defendant Jade Tran then struck the exterior walls of the rental property, and threw a satellite dish through a window of the rental property.
20. While Defendant Jade Tran was damaging the property, Plaintiff Russ Ivy was hiding inside and called 911.
21. As of April 14, 2020, Defendants had not legally evicted Plaintiff Russ Ivy.

22. In April 2020, a "stay-at-home" order was in effect due to the COVID-19 pandemic.
23. In April 2020, an eviction moratorium was in effect due to the COVID-19 pandemic.
24. After April 14, 2020, Defendants did not return to the property until after Russ Ivy had moved away.

## VIII. SINGLE LISTING OF KEY CONTESTED MATERIAL FACTS

1. Whether Defendants were aware that Mr. Ivy was still living in the property, and when they were informed that the property was occupied.
2. Whether the Sheriff's office told Defendant Tran that she should come to the rental property, or if they warned her that she would be arrested if she returned to the rental property.
3. Whether Plaintiff Russ Ivy sustained bodily injury during the April 14, 2020 incident, and the nature and extent of his injuries.
4. Whether Mr. Ivy's hand was lacerated by glass when the satellite dish broke the window.
5. Whether Defendant Jade Tran traveled from Oklahoma to the rental property in Louisiana to inspect the rental property or to engage in an illegal self-help eviction.
6. Whether Plaintiff Russ Ivy suffered severe emotional distress due to Defendants' actions, and the nature and extent of his injuries.
7. Plaintiff Russ Ivy's reasons for leaving the property after the April 14, 2020 incident.
8. The cause of Plaintiff Russ Ivy's paranoia, anxiety, and emotional distress.
9. Whether Defendant Jade Tran swung a broom at Plaintiff Russ Ivy while on the property on April 14, 2020.
10. Whether Defendant Jade Tran used the broom to strike the exterior walls of the rental property on April 14, 2020.
11. Whether Defendants fraudulently induced Plaintiff Russ Ivy to enter into the rent-to-own agreement.
12. Whether Defendant Tran informed Plaintiff Russ Ivy that she or her agents were coming onto the property.

## IX. SINGLE LISTING OF CONTESTED ISSUES OF LAW

1. Whether and to what extent, if any, Plaintiff Russ Ivy suffered or is entitled to any damages resulting from Defendants' actions.
2. Whether Defendants methods, acts, or practices in conducting business with Plaintiff Russ Ivy were in violation of LUTPA.
3. Whether Defendants representations on their website, Facebook page, Instagram page, and Facebook advertisements were in violation of LUTPA.
4. Whether Defendants actions in April 2020 rendered the property completely unusable for its intended purpose so as to constitute a permanent breach of the warranty of peaceful possession.
5. Whether Defendants actions deprived Plaintiff of his contractual right under the lease agreement to exercise the option to purchase the property.
6. Whether Plaintiff is entitled to statutory penalties under LUTPA.

**X.** **LISTS OF EXHIBITS**

    a. **On Behalf of Plaintiff Russ Ivy**

| Exhibit No. | Description | Any Objection by Defendants |
|---|---|---|
| P-1 | Audio recording of April 14, 2020 911 call by Russ Ivy | |
| P-2 | August 1, 2019 Rent-To-Own Lease Agreement | |
| P-3 | April 7, 2020 Sheriff Report | FRE 802, 805 |
| P-4 | April 10, 2020 Sheriff Report | FRE 802, 805 |
| P-5 | April 13, 2020 Sheriff Report | FRE 802, 805 |
| P-6 | April 14, 2020 Sheriff Report | FRE 802, 805 |
| P-7 | Audio recording of conversation between Russ Ivy, Amythist Kearney, Tim Spelt, and Lt. Chris Hickman taken by Russ Ivy on April 14, 2020. | FRE 802 |
| P-8 | Google voice recorded text messages between Defendant Jade Tran and SLLS Attorney Amythist Kearney | |
| P-9 | Governor John Bel Edwards Proclamation No. 33-2020 | FRE 403 |
| P-10 | Full Text of the CARES Act, Sec. 4024(b) Eviction Moratorium. | FRE 403, 802, 805 |
| P-11 | Entergy: Louisiana Customer Resources for COVID-19 (https://www.entergy.com/covid-19/laresources/) | FRE 403, 802, 805 |
| P-12 | Eviction Notice dated March 25, 2020 delivered to Russ Ivy by Officers Cupp and Manning on April 7, 2020. | |
| P-13 | Video recording of Officers Cupp and Manning at the rental property on April 10, 2020 taken by Russ Ivy. | FRE 802 as to statements made by non-parties |
| P-14 | Photograph of locksmith taken by Plaintiff Russ Ivy on April 6, 2020. | |
| P-15 | Video of locksmith taken by Plaintiff Russ Ivy on April 6, 2020. | FRE 802 as to statements made by non-parties |
| P-16 | Photograph of cleaning person taken by Plaintiff Russ Ivy on or about April 6, 2020. | |
| P-17 | Video recording of Timothy Todd Spelts taken by Plaintiff Russ Ivy on or about April 13, 2020. | FRE 802 as to statements made by non-parties |
| P-18 | Screenshot of Timothy Spelts Denton County, TX arrest record viewed by Russ Ivy following the incident. | FRE 403, 802, 805, 901, 1002; was never produced in discovery |
| P-19 | Screenshot of Timothy Spelts mugshot viewed by Russ Ivy following the incident. | FRE 403, 802, 901, 1002; was never produced in discovery |
| P-20 | Screenshot of Facebook post regarding Timothy Spelts identifying him as an "ex dirty FBI agent" viewed by Russ Ivy following the incident. | FRE 403, 802, 805, 901, 1002; was never produced in discovery |
| P-21 | Photograph of broken broom taken by Plaintiff Russ Ivy on April 14, 2020. | |
| P-22 | Photograph of shattered window glass and satellite dish taken by Plaintiff Russ Ivy on April 14, 2020. | |
| P-23 | Photograph of shattered glass inside the rental home taken by Plaintiff Russ Ivy on April 14, 2020. | |
| P-24 | Photograph of damage to the exterior wall of the rental property taken by Plaintiff Russ Ivy on April 14, 2020. | |
| P-25 | Photograph of damage to the exterior door of the rental property taken by Plaintiff Russ Ivy on April 14, 2020. | |

| P-26 | April 6, 2020 Email (Tran 000042) | FRE 802, 805 as to statements made by non-parties |
|---|---|---|
| P-27 | March 16, 2020 Text message exchange between Defendant Jade Tran and Russ Ivy's son Harley regarding Mr. Ivy's exposure to Covid-19 (Tran 000084). | FRE 802 as to statements made by non-parties |
| P-28 | April 1, 2020 Text message from Defendant Jade Tran to Russ and Harley Ivy regarding "legal action to seize and repossess the property." (Tran 000085). | |
| P-29 | 2020.3.22 - Dallas County residents ordered to stay home as new shelter-in-place rules are put in place | FRE 403, 802, 805 |
| P-30 | 2020.3.23 - Collin County Judge Issues 'Stay Home, Work Safe' Measures, Businesses to Remain Open – NBC 5 Dallas-Fort Worth | FRE 403, 802, 805 |
| P-31 | Covid-19 – XLREI.pdf | |
| P-32 | Exhibit P -Screen Shot 2020-12-29 at 10.16.17 PM.png | |
| P-33 | Exhibit Q - Screen Shot 2020-12-29 at 10.16.49 PM.png | |
| P-34 | R - Screen Shot 2020-12-29 at 10.18.26 PM.png | |
| P-35 | S - Austin Archives - Zoacres.pdf | |
| P-36 | Screen Shot 2020-12-29 at 9.20.30 PM.png | |
| P-37 | Screen Shot 2020-12-29 at 10.18.14 PM.png | |
| P-38 | Screen Shot 2020-12-29 at 10.19.06 PM.png | |
| P-39 | Screen Shot 2020-12-29 at 10.19.52 PM.png | |
| P-40 | Screen Shot 2020-12-29 at 10.20.09 PM.png | |
| P-41 | Screen Shot 2020-12-29 at 10.24.35 PM.png | |
| P-42 | Screen Shot 2020-12-29 at 10.32.49 PM.png | |
| P-43 | Screen Shot 2020-12-29 at 10.33.03 PM.png | |
| P-44 | Screen Shot 2020-12-29 at 10.33.22 PM.png | |
| P-45 | Screen Shot 2020-12-29 at 10.35.57 PM.png | |
| P-46 | Screen Shot 2020-12-29 at 10.41.55 PM.png | |
| P-47 | T - Screen Shot 2020-12-29 at 10.20.30 PM.png | |
| P-48 | U - Zoacres.png | |
| P-49 | V -Apartment in Memorial Texas - Zoacres.pdf | |
| P-50 | X - Our Team – XLREI.pdf | |
| P-51 | W- Own this Home Today.png (Facebook) | |
| P-52 | We Are Expert.png (Facebook) | |
| P-53 | 2.png (Instagram) | |
| P-54 | 3.png (Instagram) | |
| P-55 | X -Untitled.png (Instagram) | |
| P-56 | IMG_8657.MOV produced by Defendants | FRE 403, 408, 802 as to statements made by non-parties |
| P-57 | IMG_8656.MOV produced by Defendants | FRE 403, 408, 802 as to statements made by non-parties |
| P-58 | Photograph of Plaintiff's bleeding hand taken by Plaintiff. | |

Any and all documents necessary for rebuttal or impeachment; and
Any and all documents identified for as exhibits by Defendants.

b. **On Behalf of Defendants XL REI, LLC and Jade Tran**

| Exhibit Number | Description | Objections |
|---|---|---|
| D-1 | August 1, 2019 Rent-To-Own Lease Agreement (P-2) | |
| D-2 | Receipt for repair materials (Tran 000044) | |
| D-3 | Facebook Messages between Russ Ivy and XL REI (Tran 000051-55) | |
| D-4 | Text Messages between Jade Tran and Russ Ivy (Tran 000056-72) | |
| D-5 | Exhibit E – Eviction Notice from XL REI to Russ Ivy | |
| D-6 | Electrical Service Records for the Property from Washington-St. Tammany Electric Cooperative | |

Any and all documents necessary for rebuttal or impeachment; and
Any and all documents identified for as exhibits by Defendants.

**XI.   DEPOSITION TESTIMONY TO BE OFFERED INTO EVIDENCE**

None, except any portions used for cross examination, rebuttal, and/or impeachment.

**XII.   LIST OF CHARTS, GRAPHS, MODELS OR SCHEMATIC DIAGRAMS**

The parties may project enlarged versions of exhibits and/or use other demonstrative exhibits. The parties anticipate using a timeline demonstrative for opening and/or closing. The parties do not object to these.

**XIII.   LISTS OF WITNESSES**

a. **On Behalf of Plaintiff Russ Ivy**

1. Plaintiff, Russ Ivy
   c/o his attorneys of record
   Hope A. Phelps
   William Most
   201 St. Charles Ave., Ste. 114 #101
   New Orleans, LA 70170
   hpaphelps@gmail.com
   william.most@gmail.com

   The plaintiff in this action, he has knowledge of the facts supporting the causes of action in his complaint.

2. Defendant, Jade Tran
   c/o her attorney of record
   Alex Onstott (#36611)
   400 Poydras Street, Suite 2145

    New Orleans, LA 70130
    alex@colaw.llc

A defendant in this action, she has knowledge of the facts detailed in the complaint as well as any defenses.

*May call list:*

3. Lt. Chris Hickman
   Washington Parish Sheriff's Office,
   1002 Main Street, P.O. Box 677,
   Franklinton, Louisiana 70438,
   (985) 839-3434;

Washington Parish sheriff's lieutenant with personal knowledge of circumstances surrounding Ms. Tran's attempts to evict Mr. Ivy and to enter the property.

4. Shaniquial Warren
   Washington Parish Sheriff's Office,
   1002 Main Street, P.O. Box 677,
   Franklinton, Louisiana 70438,
   (985) 839-3434;

Believed to be a dispatch officer who has personal knowledge of Ms. Tran calling law enforcement on Mr. Ivy.

5. Tonnia Davis
   Washington Parish Sheriff's Office,
   1002 Main Street, P.O. Box 677,
   Franklinton, Louisiana 70438,
   (985) 839-3434;

Believed to be a dispatch officer who has personal knowledge of Ms. Tran calling law enforcement on Mr. Ivy.

6. David Cupp
   Washington Parish Sheriff's Office,
   1002 Main Street, P.O. Box 677,
   Franklinton, Louisiana 70438,
   (985) 839-3434;

Washington Parish sheriff's deputy who has personal knowledge of Ms. Tran's attempts to force Mr. Ivy off of the property.

7. Matthew Manning
   Washington Parish Sheriff's Office,
   1002 Main Street, P.O. Box 677,

   Franklinton, Louisiana 70438,
   (985) 839-3434

   Washington Parish sheriff's deputy who has personal knowledge of Ms. Tran's attempts to force Mr. Ivy off of the property.

   8. Mitchell Nesmith
      Washington Parish Sheriff's Office,
      1002 Main Street, P.O. Box 677,
      Franklinton, Louisiana 70438,
      (985) 839-3434

   Washington Parish sheriff's deputy who has personal knowledge of Ms. Tran's attempts to force Mr. Ivy off of the property.

   9. Any witness listed as a witness and/or called by Defendants.
   10. Any witness necessary for authentication of documents.
   11. Any witness necessary for impeachment purposes.

   b. **On Behalf of XL REI, LLC and Jade Tran**

   1. Defendant, Jade Tran
      c/o her attorney of record
      Alex Onstott (#36611)
      400 Poydras Street, Suite 2145
      New Orleans, LA 70130
      alex@colaw.llc

*May call:*

   2. Any witness listed as a witness and/or called by Defendants.
   3. Any witness necessary for authentication of documents.
   4. Any witness necessary for impeachment purposes.


XIV.   **MODE OF TRIAL**

This case has been designated as a jury trial. All issues shall be for the jury, except the additional potential penalty of $5,000 per LUTPA violation, which is for the Court to decide.[5]

Proposed jury instructions, special jury interrogatories, trial memoranda, and any special questions that the Court is asked to put to prospective jurors on voir dire shall be electronically

---

[5] R.S. 51:1407(C) ("In addition to any other civil penalty provided for in this Section, if a person is found by the court to have engaged in any method, act, or practice in Louisiana declared to be unlawful under this Chapter, and the violation was committed against an elder person or a

12

filed with the Court not later than five working days prior to the trial date, unless specific leave to the contrary is granted by the Court.

## XV. STATEMENT OF TRIAL OF SEPARATE ISSUES

The issue of liability will not be tried separately from that of quantum.

## XVI. OTHER PERTINENT MATTERS

None at this time.

## XVII. COMMENCEMENT OF TRIAL

Trial shall commence on Monday, March 7, 2022 at 8:30 a.m. The parties estimate that the trial will require two days.

## XVIII. FORMULATION OF PRETRIAL ORDER

The pre-trial order has been formulated after conference of counsel. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by the Court, or by order of the Court to prevent manifest injustice.

## XIX. POSSIBILITY OF SETTLEMENT

The possibility of settlement of this case was considered. The parties participated in settlement negotiations regarding the all claims, but a settlement was not reached.

                              **MOST & ASSOCIATES**

                              */s/ Hope A. Phelps*
                              **WILLIAM MOST (La. Bar No. 36914)**
                              **HOPE PHELPS (La. Bar No. 37259)**
                              **DAVID LANSER (La. Bar No. 37764)**
                              201 St. Charles Ave., Ste. 114, # 101
                              New Orleans, LA 70170
                              T: (504) 256-4615
                              Email: hopeaphelps@outlook.com
                              ***Counsel for Plaintiff, Russ Ivy***

---

disabled person, as defined in this Section, the court may impose an additional civil penalty not to exceed five thousand dollars for each violation.")

                                      By:/s/ D. Alex Onstott
                                      CIOLINO & ONSTOTT, LLC
                                      D. Alex Onstott (LA36611)
                                      400 Poydras St., #2145
                                      New Orleans, LA 70130

                                      Attorney for Defendants
                                      Jade Tran and XL REI, LLC


New Orleans, Louisiana, this 14th day of February 2022


                                      _____
                                      UNITED STATES DISTRICT JUDGE