IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RUSS IVY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-01475-ILRL-KWR |
| | ) |
| JADE TRAN; XL REI, LLC; DOES 1-10 | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE OTHER THAN THE TESTIMONY OF THE PARTIES, OR IN THE ALTERNATIVE, NEWS ARTICLES, STATUTES, STATEMENTS MADE DURING SETTLEMENT NEGOTIATIONS, AND CHARACTER EVIDENCE REGARDING TIMOTHY TODD SPELTS**

**INTRODUCTION**

The Parties failed to provide any witness or exhibit lists pursuant to this court's order prior to the appointed deadline. In accordance with its terms, no testimony or evidence should be allowed other than the testimony of the parties. Defendant therefore urges the court to uphold its order and limit the evidence at trial to only the testimony of the parties, unless upon motion by either party to admit specific evidence for good cause shown. If the court chooses to waive that requirement for the parties, Defendant objects, in the alternate, to numerous inadmissible pieces of evidence suggested by the Plaintiff. First, the Plaintiff wishes to introduce news articles regarding COVID-19 to prove the truth of the matter asserted within them, which is classic hearsay; second, the Plaintiff wishes to introduce the full text of certain laws, which are irrelevant, and strictly prohibited by this court's Local Rule 47.3; third, the Plaintiff seeks to introduce videos depicting settlement negotiations, which are specifically inadmissible under Federal Rule of Evidence 408; and finally, Plaintiff seeks to introduce screenshots of statements made on websites that were allegedly viewed by the Plaintiff after the events at issue in

this case, which depict negative character evidence against Timothy Todd Spelts, who was hired by the Defendants as a bodyguard, and which were not produced or disclosed in discovery, are irrelevant, and are hearsay within hearsay.

## ARGUMENT

I.   **ALL EVIDENCE OTHER THAN THE TESTIMONY OF THE PARTIES SHOULD BE EXCLUDED AS THE PARTIES DID NOT FILE WITNESS OR EXHIBIT LISTS IN ACCORDANCE WITH THIS COURT'S ORDER**

First and foremost, the Plaintiffs have not provided any witness or exhibit list prior to the one contained in the parties' joint pre-trial order. Therefore, the Defendants have not had a reasonable opportunity to object to the evidence, depose necessary witnesses, to gather rebuttal evidence, or to otherwise prepare for this evidence at trial. Per the court's scheduling order:

> "The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Minute Entry as it pertains to the witness and/or exhibits…" R. at Doc. 40.

No witness or exhibit lists were disclosed in accordance with that Order. As such, the Defendants must urge that the court exclude all evidence other than the testimony of the parties at trial. Defendants aver that the parties' testimony will constitute the substantial majority of the evidence presented at trial and that the Plaintiff can fairly prove his case by his own testimony and cross-examination of the Defendants. In the alternative, the Defendants urge that the court at least exclude newspaper articles, statutes, settlement discussions, and evidence of Mr. Spelts' character, including his criminal history, which are inadmissible for other reasons under the Federal Rules of Evidence.

II.   **NEWS ARTICLES SHOULD BE EXCLUDED AS INADMISSIBLE HEARSAY AND**

**THEIR CONTENTS AS HEARSAY WITHIN HEARSAY.**

The Plaintiff seeks to use numerous newspaper articles to prove the truth of the matters asserted within the articles, and they should therefore be excluded as hearsay. Newspaper articles are classic hearsay, which are "in almost all circumstances inadmissible." *Dallas Cty. v. Com. Union Assur. Co.*, 286 F.2d 388, 392 (5th Cir. 1961); Fed. R. Evid. 802. Indeed, none of the exceptions or exclusions to the rule against hearsay normally apply to newspaper articles, which have been only been admitted in extremely narrow circumstances, such as: when the article was written by a party; contains statements made by a party; to show that certain information has been publicized; or to show that a particular person had notice of the article, after it has been proven that the particular person normally reads that publication. 29A Am. Jur. 2d Evidence § 1306. None of those circumstances exist in this case.[1] In fact, the Defendant has presented sworn testimony that she does not regularly read any newspaper, nor was she following the news very closely during the time that the articles were published. *30(b)(6) Depo. of XL REI, LLC* at 126:10-127:1. Therefore, there is no basis to admit any newspaper article in this trial, and they should excluded as hearsay under rule 802. In addition, even if the articles themselves are deemed admissible for some reason, the articles contain numerous quotes, statistics, and other statements of fact which are hearsay within hearsay, and do not fall under any exception or exclusion, which remain inadmissible under Fed. R. Evid. 805, and such statements should be redacted from the documents before they are presented to the jury.

III.     **THE TEXT OF STATUTES AND GOVERNMENTAL PROCLAMATIONS ARE IRRELEVANT AND PROHIBITED BY THIS COURT'S LOCAL RULES AND SHOULD BE EXCLUDED.**

---

[1] Defendants are willing to stipulate that the COVID-19 pandemic and the federal eviction moratorium were publicized; however will not stipulate that the Defendants had any particular knowledge of those facts at any given time.

The text of any statute, rule, proclamation, or other law should be excluded from this trial as irrelevant. This court's Local Rule 47.3 specifically prohibits the parties from instructing the jury on the law or arguing law to the jury, except to refer to the jury instructions. EDLA LR 47.3. Furthermore, they are irrelevant, as neither the existence nor the text of these laws makes any factual element of any claim or defense more or less likely. Fed. R. Evid. 401. To the extent that the particular language of any such law is of any consequence to the outcome of this action, the court may take judicial notice of such facts and they may be incorporated more appropriately into the jury instructions, rather than as evidence at trial. Fed. R. Evid. 201. As such, the text of any and all statutes, rules, proclamations, or other laws should be excluded from the evidence at trial.

IV.    **VIDEOS PURPORTING TO CONTAIN SETTLEMENT NEGOTIATIONS BETWEEN THE PARTIES ARE INADMISSIBLE.**

The Plaintiff seeks to enter two videos which apparently show settlement negotiations between the parties, which are inadmissible under Federal Rule of Evidence 408. The videos depict Mr. Timothy Todd Spelts making settlement offers to the Plaintiff, and the plaintiff discussing those offers with his attorney by phone.[2] The only conceivable purpose for entering these videos is to prove the validity or amount of the disputed claims, and therefore they should be excluded.

V.    **CHARACTER EVIDENCE REGARDING TIMOTHY TODD SPELTS SHOULD BE EXLUDED AS IRRELEVANT, IMPROPER CHARACTER EVIDENCE, HEARSAY, AND BECAUSE IT WAS NOT DISCLOSED IN DISCOVERY.**

---

[2] The offer discussed in the videos was eventually made by the Defendants through their counsel; therefore, the offer itself was ratified and is protected as an offer in compromise. However, Defendants aver that Mr. Spelts was not authorized to go to the property or negotiate on their behalf, and that they were not aware that he had done so until after the fact. The determination of that fact is not dispositive on this matter as any statements made in the videos by any party other than Russ Ivy are inadmissible hearsay and should be excluded regardless.

Character evidence regarding Timothy Todd Spelts is inadmissible for numerous reasons, each of which are sufficient to exclude it, namely: it is irrelevant under Federal Rule of Evidence 401, it is unduly prejudicial under Rule 403, it is evidence of prior acts presented to prove conformity therewith under Rule 405, and it is hearsay, including hearsay within hearsay, under Rules 802 and 805.

First and foremost, whether or not Mr. Spelts was convicted of any crime, and any fact regarding his service in the FBI, are irrelevant and inadmissible under Rule 401. Mr. Spelts' factual nexus to these events is undisputed, and as follows:

Mr. Spelts was hired by the Defendants as a bodyguard for Ms. Jade Tran, since she was travelling alone, had never met the Plaintiff in person, and had never been to Bogalusa. Mr. Spelts had no interaction with the Plaintiff prior to April 13, 2022. On April 13, 2022, Mr. Spelts arrived at the Property before Ms. Tran, and was confronted by the Plaintiff. Mr. Spelts claimed to be lost, and Plaintiff asked him to leave. When he did not leave, the Plaintiff called the police. The police and Ms. Tran arrived at the property after that, and the police instructed Mr. Spelts and Ms. Tran to leave, which they did. On April 14, 2022, Mr. Spelts drove Ms. Tran to the Property, but stayed in his car on the road as the altercation between the Plaintiff and Ms. Tran transpired. He drove Ms. Tran away after she left the property. Mr. Spelts visited the property one more time to "smooth things over" by offering the Plaintiff a deal to settle the matter. Defendants aver that they did not ask Mr. Spelts to go to the property, nor did he have authority to act on their behalf at that time. Mr. Spelts had no contact with the Plaintiff after that. Plaintiff avers that, after these events, he saw Mr. Spelts' arrest record on the internet along with a mugshot, and a Facebook post calling him an "ex dirty FBI agent."

Mr. Spelts' character is not an element of any claim or defense in this case, nor is he a party, nor is he even being called as a witness by either party. Therefore, the only possible relevance that evidence

of Mr. Spelts' character may have is circumstantial, i.e. to prove that because he has committed crimes in the past, and therefore he was somehow acting criminally in his interactions with the Plaintiff in this case, which is prohibited under Federal Rule of Evidence 404. Fed. R. Evid. 404, cmt. (a). As such, character evidence regarding Mr. Spelts should be excluded.

In addition, Plaintiff avers that he has this information based on websites that he viewed after the events, including statements made by others on Facebook. This is textbook hearsay, and hearsay within hearsay, which cannot be admitted to prove any of those facts, under Federal Rules of Evidence 802 and 805. Therefore, evidence to prove Mr. Spelts' prior bad acts is irrelevant, and the evidence suggested by the Plaintiff is inadmissible hearsay even if it was relevant.

Nonetheless, Plaintiff may argue that they are not presenting it to prove that Mr. Spelts was a criminal, only that the Plaintiff believed that he was a criminal, or that the Defendant may have known or believed that he was a criminal. Defendant concedes that the existence, causation, and extent of emotional injury to the Plaintiff is a key issue of fact. However, the Plaintiff's belief that Mr. Spelts had a criminal history, or may have been a "dirty FBI agent" is not dispositive of any of those questions. To prove those facts, the Plaintiff may present evidence about his actual interactions with Mr. Spelts; whether or not he received threats from anyone, including Mr. Spelts, and about any mental health symptoms, treatments, or diagnoses that to experienced. Whether or not the Plaintiff believed that Mr. Spelts had a criminal history has very little consequence on the determination of those questions.

On the other hand, this evidence will present to the jury that the Defendants hired a dirty cop and known criminal to go to the property and terrorize the Plaintiff. Even if the Defendants can cross-examine the Plaintiff on the quality of this evidence, they cannot cross-examine the authors of the websites he went to, nor the Facebook poster alleging that he was an "ex dirty FBI agent," which

creates a substantial risk that the jury will believe that Mr. Spelts was a criminal, based on hearsay, and that they will associate Mr. Spelts criminality with the Defendants who hired him. If there was any genuine proof that the Defendants intentionally hired Mr. Spelts to threaten and harass the Plaintiff, or even that the Defendants were aware of Mr. Spelts criminal history, then this prejudice would not necessarily be unfair; however in the instant case, the nature and content of this evidence will allow the Plaintiff to suggest such an association where no other proof exists, which is unfairly prejudicial, therefore the evidence should be excluded under Federal Rule of Evidence 404.

Finally, this evidence was not produced or disclosed to Defendants at any point during discovery, and therefore it should be excluded under Fed. R. Civ. P. 27(b)-(c).

## CONCLUSION

For the foregoing reasons, Defendants request that the Court grant this motion in limine to exclude all evidence other than the testimony of the parties or, in the alternative, to exclude the newspaper articles, statutes, videos of settlement negotiations, and character evidence regarding Mr. Timothy Todd Spelts which are additionally inadmissible under the Federal Rules of Evidence, and under the Federal Rules of Civil Procedure as to certain evidence regarding Mr. Spelts which was not disclosed in discovery.

February 14, 2022

                                              Respectfully Submitted,

                                              By: /s/D. Alex Onstott
                                              D. Alex Onstott (LA36611)
                                              CIOLINO & ONSTOTT, LLC
                                              400 Poydras St., Suite 2145
                                              New Orleans, LA 70130
                                              (504)524-0120
                                              alex@colaw.llc

                                              *Attorney for Defendants*
                                              *Jade Tran and XL REI, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was served through the court's Electronic Court Filing system on this 14th of February, 2022 on all counsel of record.

                      /s/D. Alex Onstott
                      D. Alex Onstott (LA36611)