

Alex Onstott <alex@colaw.llc>

## Stipulations and Settlement Conference

**Alex Onstott** <alex@colaw.llc>                                                                                       Mon, Feb 21, 2022 at 8:54 PM
To: William Most <williammost@gmail.com>
Cc: Max Ciolino <max@colaw.llc>, Hope Phelps <hopeaphelps@outlook.com>

This is not sanctionable Will, this does not request any information that was not previously disclosed in discovery, and the burden of the subpoena is WST's grounds to quash, not yours. This subpoena is compliant with all court orders and rules of civil procedure, and I'm not concerned in the slightest by your threat of sanctions.

Finally, at the pretrial conference you stated that you were at 100k with room to move, but would require financial information in order to accept a low offer, you also started after the settlement conference that Jade would have to submit her financial information for us to discuss lower settlement offers. Our offer to provide that information is predicated on our understanding that your statements were sincere. However, now you are saying that your client is not willing to accept 30,000 under any circumstances because you intend to garnish wages, and we are welcome to subject Jade to a burdensome and potentially embarrassing pretrial judgment debtor rule for no real purpose. I did a lot of work to convince the client to provide this information to you in order to justify her offer, in reliance on our previous conversations, so I appreciate your honesty at this point at least, however I would not have bothered you with this if I had understood previously that the financial information would have no impact on your client's position.

To the extent it matters, the offer is $30,000 and we are willing to turn over whatever reasonable information you want to see to justify that offer. According to the information we can discuss the number or the payment terms to make things palatable to both parties. If that is not acceptable, then you can get the exact same information after trial, through the normal process.

> On Mon, Feb 21, 2022, 6:48 PM William Most <williammost@gmail.com> wrote:
>> Alex, feel free to send a proposed stipulation and we'll see whether it matches our understanding of the facts or not. But the electric company was not a witness on your initial disclosures or the pre-trial order. If you serve that subpoena, we will move to quash. I don't know what you mean by "mutually waive objections to present all of that evidence." We stipulate to the authenticity of all your exhibits.
>>
>> And no, I don't anticipate our client is going to unilaterally go down from $118k to $30k-ish. Our client made the last offer. If you would like to make a counter-offer with documentation of hardship, she is free to. If your client was being truthful with the judge, and makes $185k per year, she is likely to continue to make money in the future even if she loses that particular job. Our client can just garnish her wages.
>>
>> Please include Ms. Phelps on correspondence.
>>
>> On Mon, Feb 21, 2022 at 6:12 PM Alex Onstott <alex@colaw.llc> wrote:
>>> Quick update,
>>>
>>> Jade got back to me right after I sent that last email and said she is willing to submit her financial information to justify the settlement offer, if your client is willing to agree to an offer substantially similar to our previous offer on a reasonable showing of financial difficulty. For that purpose, I'll accept your representation that the demand is made in good faith.
>>>
>>> If so, please send over a list of the items you would like for her to provide and we will get to work on it.
>>>
>>> Thanks again,
>>>
>>> On Mon, Feb 21, 2022, 6:00 PM Alex Onstott <alex@colaw.llc> wrote:
>>>> For clarity, paragraph 66 of the petition states that the plaintiff needed access to a nebulizer that requires electricity, and according to the electrical company's records there was no electrical service at the property for two months before Jade arrived at the property, and those records were subpoena'd and provided in December. So whether or not the power was on at the property is an operative fact of the case. If you can show us something to explain that, then we might drop it, or agree to mutually waive objections to present all of that evidence to the jury to decide. Or, if guys are willing to just admit that the electricity was off and we can make our point for whatever it is worth then we don't have to deal with all of this. If you are concerned about us making a big deal about him not

paying the bills or something like that, we will agree in the stip to limit our usage of the fact strictly to whether it was on or off and not to any circumstances regarding why it was disconnected.

That said, if we can't agree on any of that, we can always file our request for subpoena and you can move to quash it and let Judge Roby figure it out.

As to the conference, I'll let you know when I get a firm settlement position from Jade and maybe we can take care of it ourselves.

Thanks again,

On Mon, Feb 21, 2022, 5:33 PM Max Ciolino <max@colaw.llc> wrote:
> Will,
>
> This is a followup from our phone call a few minutes ago.
>
> 1) Subpoena -
> We will rescind the subpoena (or stop it from being served) if you stipulate to the authenticity of the utility records, and to the fact that the power to the home was shut-off from February 14, 2020 and remained off until he officially moved out.
>
> 2) Settlement Conference
> Jade and Alex are free in the 2 PM area on Thursday and Friday for a settlement conference if you would like to make another attempt. On our phone call, you requested more information. Alex will follow up on this point tomorrow.
>
> Sincerely,
> -Max
>
>  
>  
>