IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RUSS IVY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-01475-ILRL-KWR |
| | ) | |
| JADE TRAN; XL REI, LLC; DOES 1-10 | ) | |
| | ) | |
| Defendants. | ) | |

**Defendant's Memorandum in Opposition to Plaintiff's Motion for Sanctions and Motion to Strike Exhibits**

Defendants Jade Tran and XL REI, LLC, through counsel of record, hereby submit this Memorandum of Law in opposition to Plaintiff's Motion for Sanctions ("Motion"). R. Doc. 100.

Before the court, once again, is a motion for sanctions filed by the Plaintiff asking for extraordinary remedies due to perceived slights that have not prejudiced him in the slightest. In this particular instance, the Plaintiff complains that the Defendants' medical records were not produced to him under his extremely broad and vague requests for production. Moreover, the Plaintiff has unnecessarily filed two exhibits containing Ms. Tran's confidential medical information, which should be striken from the record. Full copies of the medical records at issue have been provided to the court for *in camera* inspection, and Plaintiff had no reason to attach them to their motion. Defendants insist that any of these records which are filed be filed under seal. To the extent that the documents are even relevant, the Plaintiff should have redacted all information which was not strictly relied upon in their motion.

**DISCUSSION**

I. **None of the Facts "Withheld" Prejudiced the Plaintiff in Any Way**

First and foremost, none of the information that the Plaintiff asserts was withheld concerns any fact in controversy. Plaintiff claims that he was unfairly prejudiced because he was not provided medical records containing statements by the Defendant Jade Tran to her doctors that there was "a conflict at a rental property that she owns," that she "broke a window," that her brother Ray Tran was a potential witness who stated that she broke the window, and that she "intended to move the male subject[sic] things out personally." The parties listed all of these facts in their joint statement of uncontested material facts in the Pre-Trial Order. R. Doc. 69 at VII, ¶¶ 1 (as to "rental property that she owns"), 19-20 (as to "conflict" at the property and broken window), 16-17 (as to original intention to move Plaintiff's things out personally).

Plaintiff also complains that the records contained a Jade's "understanding that she could not evict Mr. Ivy at the time." However, the exact statement he refers to is "Jade reports…the tenants[sic] are four months behind on rent. She can not[sic] evict them as of yet." Once again, the uncontested facts of the case are that Jade drove from Oklahoma to Bogalusa in order to move the Plaintiff's belongings out of the apartment, and that when she got there, she was informed by the police that she could not do so. R. Doc. 69 at VII, ¶¶ 16-17. The record in question clearly states that Ms. Tran made the statement on May 27th, nearly a month and a half after she was informed that she could not evict the Plaintiff. In fact, all of these records are related to Ms. Tran's hospitalization and diagnosis of bipolar disorder, which did not occur until after those events, and so none of these statements were made contemporaneously with any of the operative events in this case.

Finally, Defendant complains that the "Forensic Report" states that Ms. Tran was charged with Fraud and Trespass in St. Tammany Parish. Although this statement exists in the report, it was not a sworn statement, it was not made by Ms. Tran, and it is not true. A search of the public records can confirm that no such criminal record exists.[1] As such, even if Plaintiff had been given this report, further discovery would have only confirmed that there was no inconsistency medical records are responsive to his requests for "documentation related to the eviction of Russ Ivy" and "all documents reflecting communications regarding Russ Ivy or the rental property."

All in all, the Plaintiff has experienced no prejudice related to the matters he complains of. The Defendants, and the court, however, have now had to spend significant resources during the crucial days leading up to trial addressing the Plaintiff's numerous specious motions, which should be denied.

    II.    <u>The Documents are Not Responsive to the Plaintiff's Discovery Requests.</u>

In addition to not being admissible, the documents complained of were not responsive to the Plaintiff's discovery requests. The Plaintiff did not ask for any medical records, reports related to the Defendant's mental health, or for any other category of documents that would directly implicate these documents (and to which the Defendants would have objected. Rather

---

[1] This report was generated during this litigation to get an opinion regarding whether or not the Defendant's bipolar disorder affected her ability to form intent during the events of this case. Despite seemingly supporting the Defendants' position, the report is confusing, poorly written, contains irrelevant sensitive information about Ms. Tran (which Plaintiff has now filed in the public record), contains numerous incorrect statements, and ultimately evaluates the Defendant's criminal culpability. Therefore, the Defendants did not declare any experts, did not produce the report, and did not intend to use or rely on the report for any purpose. Also, the Defendants had a criminal background check performed as part of pre-trial preparation, which did not return any charges similar to those described in that report. Plaintiff has already been provided with a redacted version of that report, which can also be provided to chambers.

the Plaintiff's assert that these documents should have been produced pursuant to Plaintiff's request for "documentation related to the eviction of Russ Ivy," and "communications between you and any person about Russ Ivy or [the property]." Reading these requests to include documents such as Ms. Tran's mental health records, as Plaintiff insists in his motion, renders them so vague, overbroad, and burdensome that they could not possibly be enforceable under the Rules of Civil Procedure. *See Haughton v. D.C.*, 315 F.R.D. 424, 430 (D.D.C.), objections overruled, 161 F. Supp. 3d 100 (D.D.C. 2014)(disallowing a requests for "any documents discussing the Plaintiff's termination," and "any statements from other employees concerning this action or its subject matter" as a "catch-all" requests employed "in order to have Defendant provide him with any document he might not have thought to request otherwise.") Indeed, Defendants raised that exact objection to the second request at the time it was made.

As to the first, these documents do not relate to the "eviction of Russ Ivy." Defendants' position is that Mr. Ivy was not evicted, and that the only "eviction" that took place in this case was *Jade Tran v. Russ Ivy*, Case No. 2020-0651, filed in the Justice of the Peace Court for Washington Parish. Accordingly, the documents which were originally produced, BATES TRAN-000047 and 000048, are emails related to the notice of eviction sent by XL REI. To the extent that the Plaintiff intended for that request to mean "the events of April 14, 2020," they could have said that, or provided a definition of "eviction" encompassing such records. If Plaintiff had done so, Defendants would have objected to the request. Since they did not, Defendants interpreted that request according to the generally prevailing meaning of the terms, did not object, and provided the documents in their possession accordingly. Therefore, the Plaintiff's requests do not form a valid basis for their current demand. To the extent that this court would even allow the type of discovery suggested, the Defendants have a good faith basis for their non-disclosure, and therefore a sanction is unwarranted, especially to the degree requested by the Plaintiff.

    III.    <u>The Plaintiff's Motion is Frivolous and Defendants Should Be Awarded Their Attorney Fees In Response.</u>

As with Plaintiff's last motion for sanctions, there is no justifiable basis for their assertion that the Defendants withheld discovery in contravention of the Rules of Civil Procedure or any of this court's orders. When the court requested that the Defendants provide Ms. Tran's records to chambers and to opposing counsel, Defendants complied. Plaintiff's contention that the

Defendants have acted contemptuously by failing to turn over her sensitive medical information as soon as it was received, in response to their vague requests boggles the mind. Regardless, Defendants would not suggest that such a motion was made in bad faith if, at least, any of the facts at issue had any meaningful impact on an element of the case. However, the facts "withheld" from the Plaintiff relate to uncontroversial facts, and one of the facts was a falsity, which Defendants' counsel averred to Plaintiff could be confirmed by a criminal background check. In fact, later in the same night, Defendants produced a criminal background check confirming that fact. However, again, Plaintiff failed to do even a cursory investigation of their inflammatory allegations before filing a motion for sanctions. Moreover, the Plaintiff does not request exclusion of mental health evidence, or a continuation to conduct additional discovery, or any other relief which would be reasonably related to their complaint, but rather that this court impose liability on the Defendants on multiple claims.

Therefore the Defendants can only conclude that the Plaintiff knew or should have known that this motion was unreasonable, factually inaccurate, lacked a basis in the law, and intended to harass the Defendants on the eve of trial. Since the Plaintiff's motion is vexatious, frivolous, and unnecessarily multiplies the proceedings in this case, the Defendants request that the court issue sanctions against the Plaintiff under 28 U.S.C. § 1927, reimbursing them for attorney fees and costs related to responding to this motion, along with any other sanctions this court may deem appropriate.

## **CONCLUSION**

Plaintiff's Motion for Sanctions is, again, inappropriate, baseless, and unreasonable. Plaintiff has now filed two unsupported motions for sanctions within as many weeks, on the eve of trial. Moreover, the Plaintiff's most recent motion needlessly files private, and potentially embarrassing, medical records relating to Ms. Tran's mental health into the public record. These motions are harassing and have caused the Defendants significant prejudice by inflating the costs of the litigation and creating needless additional work for the Defendants and the court during this critical trial preparation time. For these reasons, Plaintiff's Motion for Sanctions should be denied, and Defendants' request for sanctions should be granted. In addition, the Defendants' motion to strike exhibits 5 and 8 from R. Doc. 100, as they are unnecessary, and could cause irreparable harm to Ms. Tran if allowed to remain.

Respectfully Submitted,


By: <u>s/ D. Alex Onstott</u>
D. Alex Onstott (LA #36611)
alex@colaw.llc
Max S. Ciolino (LA #36412)
max@colaw.llc

CIOLINO & ONSTOTT, LLC
400 Poydras St., Suite 2145
New Orleans, LA 70130

Attorneys for Defendants
Jade Tran and XL REI, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RUSS IVY, )<br>)<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>JADE TRAN; XL REI, LLC; DOES 1-10 )<br>)<br>        Defendants. ) | Case No. 2:20-cv-01475-ILRL-KWR |

### **ORDER**

Having duly considered Plaintiff's MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER and the arguments and evidence relevant thereto:

IT IS HEREBY ORDERED that Plaintiff's motion is DENIED;

IT IS FURTHER ORDERED that Plaintiff shall reimburse the Defendants for attorney fees and costs related to their response to this motion.

New Orleans, Louisiana, this _____ day of _____, 2022.

_____
UNITED STATES JUDGE
EASTERN DISTRICT OF LOUISIANA