UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RUSS IVY**                                                  **CIVIL ACTION**

**VERSUS**                                                 **NO. 20-1475**

**JADE TRAN, ET AL.**                           **SECTION "B"(4)**

<u>**ORDER AND REASONS**</u>

Considering plaintiff Russ Ivy's motion for reconsideration of this Court's Order at Record Document 84 (Rec. Doc. 89), for expedited consideration of his motion for reconsideration (Rec. Doc. 90), and for protective order and/or to quash subpoena (Rec. Doc. 76), as well as defendants' motion to amend their opposition to plaintiff's motion for protective order (Rec. Doc. 95),

**IT IS ORDERED** that the motion for expedited consideration (Rec. Doc. 90) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration (Rec. Doc. 89) is **DISMISSED.** Having reconsidered the foregoing along with the subject Order and Reasons at Record Document 84, we find plaintiff's grounds in opposition fail to comprehend the overriding application of court rules and orders over informal agreements between parties that fail to comply with ordered deadlines issued pursuant to Rule 16 of the Federal Rules of Civil Procedure. As stated in the previous Order and Reasons, and now, it remains undisputed that all parties failed to comply with the Rule 16 Order. *See* Rec. Doc. 89-1 at 2; Rec. Doc. 84; *see*

*also* Rec. Doc. 40 at 2. The search for truth occurs within a legal process that comports with the federal rules. *See* Fed. R. Civ. P. 16(f) ("[T]he court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order."); *see also Carroll v. Jaques Admiralty L. Firm, P.C.*, 110 F.3d 290, 294 (5th Cir. 1997) (stating the "search for truth" is at the heart of the litigation process); *but see U.S. v. Bowen*, 969 F. Supp. 2d 518, 544 (E.D. La. 2012) ("The Court must have confidence that all legal processes were followed."). The process has room for flexibility upon a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) ("Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a scheduling order" and "the trial court [has] broad discretion to preserve the integrity and purpose of the pretrial order."). Good cause is not shown when the process is abused by gross noncompliance. *See S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) ("The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."). Neither side has attempted to explain their admitted noncompliance. Further, neither side has shown prejudice because the essential elements of

2

non-complex claims and defenses will come from the parties themselves.

To the extent it is shown at trial that parties were not able to reasonably contemplate evidentiary matters within ordered deadlines, e.g. impeachment evidence, the previous Order and the Federal Rules contemplate that unforeseen circumstance and remain subject to further reconsideration at trial. *See id.* Therefore, plaintiff's request (Rec. Doc. 89), to either vacate or modify the Order and Reasons at Record Document 84 is dismissed.

**IT IS FURTHER ORDERED** that plaintiff's motion for protective order and/or to quash subpoena (Rec. Doc. 76) is **DENIED**. Plaintiff fails to show that he is an authorized representative of the subpoenaed entity, Washington-St. Tammany Electric Cooperative, Inc. However, if defendant fails to show at trial that the witness from that entity is being used to impeach unexpected trial testimony from plaintiff, the witness is subject to exclusion. This comports with the foregoing directives in the related rulings concerning Federal Rule of Civil Procedure 16.

**IT IS FURTHER ORDERED** that defendants' motion to amend their opposition to plaintiff's motion to quash (Rec. Doc. 95) is **DISMISSED AS MOOT.**

New Orleans, Louisiana this 3rd day of March, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE